Donna LEARY, James Leary, Bernice Henriksen, Mary Jane Wagner, Charles Smith, Frances Agnello, Joseph Parella, Willie Mathis, Individually and on behalf of all others similarly situated, Phoenix Unlimited, an unincorporated association, Plaintiffs-Appellants,

v.

Hetty Jean CRAPSEY, Harold A. Shay, James White, John J. Petrossi, Dwight Van DeVate, Thomas E. McGrath, Robert D. Waterman, William E. Hanson, Individually and in their official capacity as Commissioners of the Rochester-Genesee Regional Transportation Authority, John Garrity, Individually and in his official capacity as Resident Manager of the Regional Transit Service, Inc., William T. Coleman, Jr., Individually and in his capacity as Secretary of the United States Department of Transportation, Robert E. Patricelli, Individually and in his capacity as Administrator of the United States Urban Mass Transportation Administration, and their agents, employees, successors in office, assistants and all persons acting in concert or cooperation with them or at their direction or under their control, Defendants-Appellees.

No. 106, Docket 77–6072.

United States Court of Appeals, Second Circuit.

Argued Oct. 31, 1977.

Decided Dec. 13, 1977.

---

Peter D. Braun, Rochester, N. Y. (Monroe County Legal Assistance Corp., Marianne Artusio, Rochester, N. Y., of counsel), for plaintiffs-appellants.

William K. Dorr, Rochester, N. Y. (Harris, Beach, Wilcox, Rubin & Levey, Rochester, N. Y., of counsel), for local defendants-appellees.

Glenn F. Wasserman, Atty. Advisor, Rochester, N. Y. (Richard J. Arcara, U. S. Atty., W. D. N. Y., Buffalo, N. Y., Gerald J. Houlihan, Asst. U. S. Atty., Rochester, N. Y., Robert W. Batchelder, Acting Asst. Chief Counsel, Urban Mass Transportation Administration, Washington, D. C., of counsel), for federal defendants-appellees.

Before FEINBERG, OAKES and GURFEIN, Circuit Judges.

PER CURIAM:

The eight individual plaintiffs in this class action each suffer from severe physical handicaps; seven are confined to wheel chairs and the other must use crutches.[1] All plaintiffs appeal from a decision of the United States District Court for the Western District of New York granting summary judgment to defendants, various federal and local officials who are responsible for, or administer, mass transportation programs in the area of Rochester, New York. The complaint was filed in July 1976 and alleged that defendants' failure to provide plaintiffs an accessible bus transportation system violated the Urban Mass Transportation Act of 1964, as amended, 49 U.S.C.

---

1. Plaintiff Phoenix Unlimited is an unincorporated association, composed of physically handicapped persons, and is dedicated to advocating the rights of the handicapped.

§ 1601 et seq., and section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and various constitutional rights of plaintiffs. The complaint sought equitable and declaratory relief and damages.

The district judge, after enjoining discovery, granted summary judgment to defendants in March 1977, and dismissed the action. The judge's brief opinion held in conclusory fashion that defendants had not violated any federal statutory or constitutional provisions and that the action was barred by the doctrines of laches, primary jurisdiction and failure to exhaust administrative remedies. This appeal followed.

 In the district court, defendants took the position that section 504 of the Rehabilitation Act did not create a private cause of action, a view which the district court apparently accepted sub silentio.[2] In this court, however, defendants concede that mobility-handicapped persons, who are denied the use of a public transportation system, do have a private cause of action under section 504.[3] The concession is well warranted. See *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977); *United Handicapped Federation v. Andre*, 558 F.2d 413 (8th Cir. 1977); *Vanko v. Finley*, No. C76–1305, 440 F.Supp. 656 (N.D.Ohio 1977); see also *Kampmeier v.*

*Nyquist*, 553 F.2d 296, 299 (2d Cir. 1977). Defendants do not, however, concede that the facts in this case warrant the conclusion that defendants have violated plaintiffs' rights. Indeed, defendants overwhelm us with a wealth of information regarding the bus transportation system in Rochester, the relevant applications by the local defendants for federal funding and the details of subsequent administrative proceedings thereon, the applicable statutes and regulations, the state of technology regarding the manufacture of buses designed to aid the mobility-handicapped,[4] and the efforts of the local and federal defendants to meet various federal requirements, none of which was discussed in the summary disposition of the trial court. We are also told that two of the applications that plaintiffs attack are somewhere in the administrative process of the UMTA.[5] However, the district court opinion fails to inform us what has delayed action upon these applications[6] and whether the specific aid applied for is consistent with the newest regulations promulgated by the UMTA.[7] Appellees stress that these regulations were brought to the attention of the district court, but we cannot tell whether the judge considered them—nowhere does the opinion analyze the "special efforts" of the local defendants in planning for the needs of the handicapped, which these regulations require.

2. The court made no explicit mention of this statute.

3. Federal defendants expressly concede this point and local defendants do not appear to contest it.

4. This information includes both the outfitting of existing conventional buses with devices, such as nonskid surfaces, stanchions, and grab rails, designed to aid the handicapped, see also 49 C.F.R. § 609.15, as amended, 42 Fed.Reg. 9655 (1977), and special buses, such as "Transbus," the name given to low-floored, ramped buses meeting Urban Mass Transit Administration (UMTA) specifications. Such buses easily accommodate wheel chair users and generally meet the needs of the physically handicapped. We are informed that on May 19, 1977, Secretary of Transportation Adams mandated Transbus for all bus procurements utilizing UMTA capital assistance funds after September 30, 1979.

5. According to the briefs in this court, the local defendants in April 1974 submitted one application involving a five year improvement program. (Project No. NY–03–0064). The UMTA approved two years of the program and encouraged reapplication for the other buses. The local defendants filed a new application, which was subsequently divided into two parts (Project Nos. NY–03–0064–02 and NY–05–0003).

6. The resubmitted application was dated August 28, 1975, indicating that the applications in one form or another have been pending for over two years.

7. See 23 C.F.R. § 450 Subpart A (App. B), as amended, 41 Fed.Reg. 18235 (1976); 49 C.F.R. § 609.15, as amended, 41 Fed.Reg. 45842 (1976) and 42 Fed.Reg. 9655 (1977); and 49 C.F.R. §§ 613.100 et seq.

In light of the above and since the two pending applications are part of the overall planning of the transportation system complained of, we think it appropriate to remand this case for a detailed examination [8] of the local defendants' special efforts, taking into consideration the new regulations and the development of Transbus. See *United Handicapped Federation v. Andre*, 558 F.2d 413 (8th Cir. 1977) (remand for failure to consider new regulations). Additionally, the district court may retain jurisdiction of this case pending final UMTA action on the applications still before it, cf. *Bartels v. Biernat*, 427 F.Supp. 226, 233 (E.D.Wis.1977), and if this action is found to be unduly delayed, the district court may compel agency action under the Administrative Procedure Act, 5 U.S.C. § 706(1). Furthermore, we hope that close supervision of this action by the district court may bring about a plan which effectively deals with the needs of the handicapped in Rochester and is acceptable to all sides.[9]

The judgment of the court below is reversed and the case remanded to the district court for further proceedings.

---

8. See, e. g., *Vanko v. Finley*, No. C76–1305, 440 F.Supp. 656 (N.D.Ohio 1977). We express no view on whether the defendants' special efforts, including the pending applications, comply with the regulations. However, this analysis should take into consideration the emerging case law interpreting these regulations. See, e. g., id.; *Bartels v. Biernat*, 427 F.Supp. 226 (E.D. Wis.1977); *United Handicapped Federation v. Andre*, supra.

9. Appellees also urge upon us the district court's alternative holding that this suit is barred by laches and failure to exhaust administrative remedies. To the extent that this holding is based upon the apparent failure of the mobility-handicapped appellants to attend a public hearing concerning the April 1974 application for federal funds, see note 5 supra, the holding was error. Plaintiffs concede, however, that the buses already furnished pursuant to that application need not be altered.