**FRY BROTHERS CORPORATION,**
Appellant,

v.

**The DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Appellees.**

No. 78–1277.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 29, 1979.

Decided Feb. 11, 1980.

Zenon F. Myszkowski, of Marchiondo & Berry, P.A., Albuquerque, N. M., for appellant.

Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M. (R. E. Thompson, U. S. Atty., Albuquerque, N. M., with him on brief), for appellees.

Before SETH, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

PER CURIAM.

This is an appeal from dismissal for lack of jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

Plaintiff Fry Brothers Corporation was a subcontractor on federally supported housing projects. A dispute arose between plaintiff and federal officials over the wage scale required for a certain group of workers under the Davis-Bacon Act, 40 U.S.C. § 276a, *et seq.* The dispute went through administrative channels to the Wage Appeals Board which held for the Government.

Plaintiff then filed this action for declaratory and injunctive relief, and damages. Also, several days later a petition for review of the order of the Wage Appeals Board was filed. This court dismissed that action for review for lack of jurisdiction. *Fry Brothers Corp. v. Wage Appeals Board*

*of the United States Dept. of Labor*, No. 77–1608 (10th Cir.). A motion to dismiss this action was granted by the trial court with leave to amend to properly plead jurisdiction and a justiciable controversy. An amended complaint was filed but it was also found insufficient, and the action was dismissed.

Plaintiff here urges that the trial court had jurisdiction under the Declaratory Judgments Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* Plaintiff also maintains that jurisdiction exists because of the alleged constitutional violations of due process. Appellant also urges as additional grounds that the complaint as pleaded impliedly sets out grounds for jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2), or under 28 U.S.C. § 1331 (federal question jurisdiction). These arguments were not presented to the trial court and thus are raised on appeal for the first time.

■■ The Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, does not create an independent basis of jurisdiction. "[T]he APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192. The Declaratory Judgments Act is remedial and an independent basis for jurisdiction must be established. *Schulke v. United States*, 544 F.2d 453 (10th Cir.); *Barr v. United States*, 478 F.2d 1152 (10th Cir.); *Groundhog v. Keeler*, 442 F.2d 674 (10th Cir.).

■■ Wage determinations as such under the Davis-Bacon Act, 40 U.S.C. § 276a, *et seq.*, are not judicially reviewable. *United States v. Binghamton Construction Co.*, 347 U.S. 171, 74 S.Ct. 438, 98 L.Ed. 594. *See also Burnett Construction Co. v. United States*, 413 F.2d 563, 566 (Ct.Cl.). Review thus is limited to challenges to the procedure under due process standards. In *Com. of Va., ex rel. Com'r, etc. v. Marshall*, 599 F.2d 588 (4th Cir.), the court said:

"The substantive correctness of the wage determination [by the Secretary of Labor] is not subject to judicial review. *United States v. Binghamton Construction Co.*, 347 U.S. 171, 177, 74 S.Ct. 438, [441,] 98 L.Ed. 594. Review is limited to due process claims and claims of noncompliance with statutory directives or applicable regulations. *See, Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, [986,] 51 L.Ed.2d 192."

Plaintiff has not made sufficient factual allegations to raise a due process issue. Deprivation of due process was mentioned only in paragraph 10 of the amended complaint, and that paragraph only notes the differences between the standards used by the Government and those used by plaintiff in deciding the wage classification. Nowhere in the complaint has there been set forth a cognizable claim of violation of due process rights of the plaintiff.

■■ As to the second ground for dismissal, that is, a failure to state a justiciable claim, plaintiff urges that the court conceded jurisdiction by granting dismissal under a rule 12(b)(6) motion. Obviously, either lack of jurisdiction or failure to state a claim would be sufficient in itself for affirmance of the order of dismissal. The concession of jurisdiction was no more than a concession *arguendo*, and even making this assumption of jurisdiction, the amended complaint clearly did not set forth sufficient facts to state a cause of action. The analysis to be performed in reviewing a rule 12(b)(6) dismissal has been set out in *Mitchell v. King*, 537 F.2d 385 (10th Cir.):

"When a complaint and action are dismissed for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974); *Hudson v. Harris*, 478 F.2d 244 (10th Cir. 1973); *Williams v. Eaton*, 443 F.2d 422 (10th Cir. 1971). A motion to dismiss under Fed. Rules Civ.Proc., rule 12(b) admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.

*Jones v. Hopper,* 410 F.2d 1323 (10th Cir. 1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399 (1970). The factual allegations of the complaint must be taken as true and all reasonable inferences from them must be indulged in favor of the complainant. *Williams v. Eaton, supra, Olpin v. Ideal National Insurance Co.,* 419 F.2d 1250 (10th Cir. 1969), cert. denied, 397 U.S. 1074, 90 S.Ct. 1522, 25 L.Ed.2d 809 (1970)."

Even accepting all "well-pleaded facts" as true and making all reasonable inferences in favor of the plaintiff, the complaint only challenges the reclassification itself and the weight of the evidence in the administrative process. The "shut-down" and withholding of funds is provided for by statute, 40 U.S.C. § 276a(a), and the Corporation had no right to the "hearing" that it claims was wrongfully denied. Thus, no set of facts has been pleaded that would entitle plaintiff to relief.

The trial court's dismissal for lack of subject matter jurisdiction and for failure to state a claim is AFFIRMED.