Cynthia E. CAIN, Plaintiff,

v.

ARCHDIOCESE OF KANSAS CITY, KANSAS et al., Defendants.

Civ. A. No. 79–1554.

United States District Court, D. Kansas.

March 3, 1981.

Dale V. Berning, Fred W. Phelps, Chtd., Topeka, Kan., for plaintiff.

J. Nick Badgerow, McAnany, Van Cleave & Phillips, P. A., Kansas City, Kan., for defendants.

## MEMORANDUM & ORDER

SAFFELS, District Judge.

This case comes before the Court for determination of defendants' motion to dismiss for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction. This case is a civil rights action brought under 42 U.S.C. §§ 1983, 1985, 1986 and 1988; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, *et seq.*; and the First, Fifth, Ninth and Fourteenth Amendments to the United

States Constitution. Plaintiff is a white, American female; defendants own, operate and maintain the Assumption Parish School, a parochial elementary school located in Topeka, Kansas. A written contract was entered into on June 2, 1979, whereby defendants employed plaintiff to teach grade school classes. Defendants terminated the contract on August 23, 1979, before the actual school session began. In a note dated August 27, 1979, and signed by the Reverend Thomas Kearns, Pastor, and Sister Mary Corita Conlan, Principal of Assumption Grade School, the reason given for terminating the contract was plaintiff's "medical problem requiring medication." The note states: "At this time, medication is not maintaining the desired physical stability necessary for a full-time teaching position . . ." Plaintiff claims that her medical problem is nothing more than a very mild case of petitmal epilepsy, which is medically controlled through a minimum dosage of the drug Dilantin, and which has not interfered with her duties in her three years experience as a full-time elementary school teacher. Plaintiff characterizes the termination of the employment contract as an unlawful discharge solely on the basis of the physical handicap of epilepsy.

REHABILITATION ACT

Section 504 of the Rehabilitation Act of 1979 (29 U.S.C. § 794) prohibits discrimination against any otherwise qualified handicapped individual in programs or activities receiving federal financial assistance. Defendants contend that the Court lacks subject matter jurisdiction over plaintiff's claim asserted pursuant to Section 504 because no private cause of action is authorized or implied by the statute.

While a private cause of action is not expressly created by Section 504, every United States Court of Appeals which has considered the question has implied a private right of action to enforce the Act. *Leary v. Crapsey*, 566 F.2d 863 (2d Cir. 1977); *Halderman v. Pennhurst State School & Hospital*, 612 F.2d 84 (3d Cir. 1979); *Davis v. Southeastern Community College*, 574 F.2d 1158 (4th Cir. 1978), *rev'd.*

*on other grounds*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979); *Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir. 1980); *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977); *United Handicapped Federation v. Andre*, 558 F.2d 413 (8th Cir. 1977).

In *Coleman v. Darden*, 595 F.2d 533, 538, *cert. denied* 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979), the Tenth Circuit Court of Appeals has stated that a private right of action *may* have been created by Section 504, citing several cases which have so held. Although to date there have been no opinions of the Supreme Court treating the question on its merits, the Court impliedly recognized a private right of action by vacating the judgment in *Kruse v. Campbell*, 431 F.Supp. 180 (E.D.Va.1977), with directions to the district court to decide the claim of the private plaintiff based on Section 504 of the Rehabilitation Act. 434 U.S. 808, 98 S.Ct. 38, 54 L.Ed.2d 65 (1977). In the one case under Section 504 to reach the Supreme Court, the issue of a private cause of action was unnecessary to the ruling. *Southeastern Community College v. Davis*, 442 U.S. 397, 404 n.5, 99 S.Ct. 2361, 2366, 60 L.Ed.2d 980 (1979).

Several of the cases cited by defendants arose under Section 503 of the Rehabilitation Act. *Rogers v. Frito-Lay, Inc.*, 433 F.Supp. 200 (N.D.Tex.1977); *Moon v. Roadway Express, Inc.*, 439 F.Supp. 1308 (N.D.Ga.1977); *Anderson v. Erie Lackawanna Railway Co.*, 468 F.Supp. 934 (D.Ohio 1979). Section 503 deals with government contractors, while Section 504 deals with recipients of government grants. A majority of courts has held that no private cause of action may be implied under Section 503, in distinction to the majority view of Section 504. *See, e. g., Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074 (5th Cir. 1980); *Hoopes v. Equifax, Inc.*, 611 F.2d 134 (6th Cir. 1979); *Moon v. The Atchison, Topeka & Santa Fe Railway Co.* No. 79–4187 (D.Kan., unpublished, Mar. 10, 1980) (Rogers, J.).

█ This Court agrees with the majority view, and finds that a private right of action under Section 504 may be maintained by a handicapped person.

A second question which must be reached in connection with defendants' motion to dismiss is whether "exhaustion" of administrative remedies is a prerequisite to judicial consideration of plaintiff's claim. Defendants argue that plaintiff has failed to exhaust available administrative remedies and that the Court should defer to an administrative determination. Plaintiff has not alleged that she has sought formal administrative redress of her grievance. For the following reasons, the Court finds that plaintiff is under no obligation to pursue administrative remedies in her Section 504 action.

In 45 C.F.R., Part 84, the Department of Health, Education and Welfare promulgated regulations to effectuate Section 504. Section 84.61 adopted for Section 504 the same compliance procedures used to enforce Title VI of the Civil Rights Act of 1964 [§§ 80.6–80.10 (1979)]. These are the same administrative procedures used to enforce Title IX (prohibiting discrimination on the basis of sex found in 45 C.F.R. § 86.71 (1979)). The regulations in question all provide the enforcement procedure by which the Secretary of HEW may terminate federal funding upon finding a violation of the applicable statute.

In *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), after finding an implied right of action under Title IX, the Supreme Court expressly rejected the contention that individuals must pursue administrative procedures for the termination of federal funding for violators of Title IX as a condition precedent to a private cause of action. The Court observed that cutoff of federal funds to an institution does not afford an appropriate remedy for an individual who has been discriminated against. *Id.* at 704–06.

Because Title IX and Section 504 were both modeled on Title VI of the Civil Rights Act of 1964, "*Cannon*'s treatment of administrative enforcement as a remedy complementary to and independent of private civil actions is equally applicable to section 504." *Medley v. Ginsberg*, 492 F.Supp. 1294, 1306 (S.D.W.Va.1980). As the Court

in *Whitaker v. Board of Higher Education of City of New York*, 461 F.Supp. 99, 108 (E.D.N.Y.1978), stated:

"[W]hile the administrative process may effectively provide, by way of the threat of a funding termination, an incentive to comply with section 504, it provides no means by which an individual can obtain personal redress for a section 504 violation."

The Third and Fifth Circuit Courts of Appeals have held that *Cannon*'s reasoning applies to Section 504, and that recourse to HEW's administrative enforcement scheme is not a prerequisite to maintenance of a private cause of action [*see, N.A.A.C.P. v. Medical Center, Inc.*, 599 F.2d 1247 (3d Cir. 1979); *Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir. 1980)], as have several district courts [*see, Whitaker v. Board of Higher Education of City of New York*, 461 F.Supp. 99 (E.D.N.Y.1978); *Cruz v. Collazo*, 84 F.R.D. 307 (D.P.R.1979); *Sherry v. New York State Education Dept.*, 479 F.Supp. 1328 (W.D.N.Y.1979); *Medley v. Ginsberg*, 492 F.Supp. 1294 (S.D.W.Va.1980)]. Before the promulgation of regulations by HEW, the Seventh Circuit Court of Appeals held that in Section 504 actions exhaustion is not required where no administrative remedy is open to the plaintiffs. *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977). Although regulations have now been promulgated, under the Supreme Court's analysis in *Cannon*, there is still no appropriate administrative remedy open to private plaintiffs.

■ Most of those courts which have held that administrative remedies must be exhausted in Section 504 cases were decided before the Supreme Court's decision in *Cannon. E.g., Drennon v. Philadelphia General Hospital*, 428 F.Supp. 809 (E.D.Pa.1977); *Crawford v. University of North Carolina*, 440 F.Supp. 1047 (M.D.N.C.1977); *Doe v. Colautti*, 454 F.Supp. 621 (E.D.Pa.1978), aff'd. 592 F.2d 704 (1979); *Sherer v. Waier*, 457 F.Supp. 1039 (W.D.Mo.1977). We have been able to find only one case decided after *Cannon* which holds that a private plaintiff must pursue available administra-

tive remedies before invoking judicial review. *Hart v. County of Alameda*, 485 F.Supp. 66 (N.D.Cal.1979). The *Hart* court reached its decision requiring exhaustion with little discussion, and this Court finds more persuasive those cases which conclude that the *Cannon* reasoning is analogous to Section 504 actions. Therefore, the Court finds that private individual suits to enforce Section 504 rights can be brought without previous resort to administrative remedies.

Finally, defendants assert that plaintiff's complaint is fatally defective in that it does not allege that defendants were using federal funds to employ plaintiff.

The 1978 amendments to the Rehabilitation Act provide that the remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*, shall be available to Section 504 litigants. 29 U.S.C. § 794a(a)(2). Section 601 of Title VI broadly prohibits acts of discrimination under any program or activity receiving federal financial assistance. However, Section 604 limits Section 601. Section 604 (42 U.S.C. § 2000d–3) provides:

"Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer ... except where a primary objective of the Federal financial assistance is to provide employment."

On the basis of this language, two Courts of Appeal, in considering claims of employment discrimination asserted by handicapped individuals under Section 504, have held that a judicial remedy under Title VI, and hence Section 504, was not available against an institution receiving federal funds unless a primary objective of the federal aid was to provide employment. *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87 (4th Cir. 1978), *cert. denied*, 422 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); *Carmi v. Metropolitan St. Louis Sewer District*, 620 F.2d 672 (8th Cir. 1980). *See also, Guertin v. Hackerman*, 496 F.Supp. 593 (S.D.Tex.1980); *Simon v. St. Louis County, Missouri*, 497 F.Supp. 141

(E.D.Mo.1980). *But see, Hart v. County of Alameda*, 485 F.Supp. 66 (N.D.Cal.1979); *Carmi*, (MacMillan, J., concurring).

The Seventh Circuit Court of Appeals has narrowed that interpretation even further. In *Simpson v. Reynolds Metals Co., Inc.*, 629 F.2d 1226 (7th Cir. 1980), the Court was faced with a situation where the purpose of the federal funding in question *was* to provide employment. However, plaintiff was not a participant in the program allegedly receiving federal assistance, nor could he show he was denied benefits of the federal money because of his discharge. The Court said, at p. 1232:

"The statute does not ... generally forbid discrimination against the handicapped by recipients of federal assistance. Instead, its terms apparently require that the discrimination must have some direct or indirect effect on the handicapped persons in the program or activity receiving federal financial assistance. To be actionable, the discrimination must come in the operation of the program or manifest itself in a handicapped individual's exclusion from the program or a diminution of the benefits he would otherwise receive from the program."

That Court expressly rejected plaintiff's theory that once some part of an entity receives federal financial assistance the employment practices of the entire institution are subject to the coverage of Section 504. *Id.* at 1233 n.12.

■ Dicta in *Carmi*, 620 F.2d at 674–75, and *Trageser*, 590 F.2d at 89, supports the holding in *Simpson* that in order to privately enforce Section 504 in employment discrimination cases a plaintiff must be a primary or intended beneficiary of the federal financial aid to the employer. We feel constrained to follow the weight of authority on this issue.

■ While it is unlikely that Assumption Parish School, a private school, receives federal funds for the purpose of employment in general, or in particular for the purpose of filling the position plaintiff was seeking, we cannot say with complete certainty that

this is the case. If there is any conceivable set of facts which would entitle a plaintiff to relief, a motion to dismiss must be overruled. *Kennedy v. Meacham*, 540 F.2d 1057 (10th Cir. 1976). To determine whether a primary objective of federal aid to defendants is to provide employment of any kind, we would have to look to factual matter outside the complaint; therefore, the issue would be more appropriately presented in a motion for summary judgment, if discovery on the issue of federal financial assistance to defendants reveals that defendants receive no federal aid for the purpose of providing employment. For the foregoing reason, the Court finds that defendants' motion to dismiss plaintiff's Section 504 claim should be overruled.

## 42 U.S.C. § 1983

Section 1983 prohibits deprivation of any rights, privileges or immunities secured by the Constitution and laws by anyone acting under color of state law. Plaintiff alleges in her complaint that defendants "were acting under color of state law by virtue of the powers and authority conferred upon them by the State of Kansas in the matter of operating said School." All parties agree that "state action" is a prerequisite for a § 1983 action. ("Under color of state law" has been treated as the equivalent of the "state action" requirement under the Fourteenth Amendment.)

Defendants contend that they operate a private school and, therefore, even if the alleged deprivation of plaintiff's rights occurred, they could not be held liable under § 1983 for such deprivation because they do not act "under color of state law." Mere involvement by the state with the actions of a private person or organization, defendants argue, does not establish that such person or organization acted under color of state law. State licensing or regulation of an organization is not sufficient to create state action according to defendants. In addition, defendants claim that plaintiff must allege and show that the state was involved in the specific activity complained of, in this case hiring practices, which plaintiff has failed to do.

Plaintiff, in her reply to defendants' motion to dismiss her § 1983 claim, argues that the facts of each case must be examined to determine whether the acts complained of were done under color of state law, and, thus, plaintiff is at least entitled to the benefit of full discovery in order to find out if the facts involve any state action.

Plaintiff cites three cases for the proposition that a determination of the state action issue at this early stage of the case is not appropriate where there is a chance, however slight, that state action is present. *Rowe v. Chandler*, 332 F.Supp. 336 (D.Kan.1971) (Theis, J.); *Browns v. Mitchell*, 409 F.2d 593 (10th Cir. 1969); *Braden v. University of Pittsburgh*, 552 F.2d 948 (3d Cir. 1977). Based on these cases and the principle that a complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" [*Jorgensen v. Meade Johnson Laboratories, Inc.*, 483 F.2d 237, 239 (10th Cir. 1973)], the Court hereby overrules defendants' motion to dismiss plaintiff's § 1983 claim for the time being. Defendants, of course, are free to reassert the motion on the issue of state action after completion of discovery.

At the outset, discovery should be limited to the issue of state action for purposes of the § 1983 claim and to the issue of federal funding for purposes of the Section 504 claim.

## 42 U.S.C. § 1985(3)

Section 1985(3) has been construed to require a class-based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). The Supreme Court expressly declined to decide whether a conspiracy motivated by other than racial bias would be actionable under the section. Defendants argue that "[t]he identifiable class must be racial, ethnic, religious or sexual in nature to be entitled to the protection of § 1985." Since plaintiff is not a member of any of those groups, defendants contend the complaint fails to

state a claim under § 1985. Plaintiff alleges that defendants have conspired against her because of her membership in a class, namely, the handicapped, and she urges this Court to find that such class is protected under § 1985. That would require a finding that the criteria defining the class are "invidious." *See Harrison v. Brooks*, 519 F.2d 1358, 1360 (1st Cir. 1975).

The Tenth Circuit Court of Appeals noted that "[t]he circuit court cases which have recognized under § 1985, classes which are not racially based, have stayed close to the areas protected by the First Amendment." *Lessman v. McCormick*, 591 F.2d 605, 608 (10th Cir. 1979), citing cases dealing with groups holding certain political views and one case dealing with members of the Jewish faith.

■ We have been unable to discover any cases, and plaintiff has not cited any, which hold that handicapped persons constitute a "class" within the meaning of § 1985(3) as construed by the Supreme Court in *Griffin*. We decline to enlarge the ambit of § 1985(3) to include the handicapped. Therefore, we find that plaintiff's § 1985(3) claim should be dismissed under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief may be granted.

## 42 U.S.C. § 1986

■ The derivative character of a claim under § 1986 is universally recognized. There cannot be a valid claim under § 1986 unless there is a claim under § 1985. *Taylor v. Nichols*, 558 F.2d 561, 568 (10th Cir. 1977). Because we have found that plaintiff's complaint fails to state a claim under § 1985, we must also dismiss her § 1986 claim under Rule 12(b)(6), F.R.Civ.P.

## 42 U.S.C. § 1988

■ Plaintiff recognizes that § 1988 does not create an independent cause of action. *See Taylor v. Nichols*, 558 F.2d at 568. Therefore, defendants' motion to dismiss the § 1988 claim is granted.

## FIRST, FIFTH, NINTH AND FOURTEENTH AMENDMENTS

■ In her jurisdictional statement in the complaint, plaintiff lists the First, Fifth, Ninth and Fourteenth Amendments to the Constitution as a basis for jurisdiction in this Court. Plaintiff reasserts that proposition in her reply to defendants' motion to dismiss, but does nothing more in the way of explanation as to how her claim arises under those amendments. While we do not understand defendants' argument that federal district courts do not have jurisdiction over claims arising under the Constitution pursuant to 28 U.S.C. § 1331(a), we are unable to perceive, and plaintiff has not pointed out, any claim upon which relief may be granted as stated under the First, Fifth or Ninth Amendments. The Court finds that plaintiff's claims under those amendments should be dismissed.

■ Assuming for the present that plaintiff's complaint has stated a claim for relief under the Fourteenth Amendment, plaintiff will still have to surmount the "state action" hurdle. (*See* discussion under 42 U.S.C. § 1983, *supra*.) Defendants' motion to dismiss the Fourteenth Amendment claim is overruled, and discovery may commence on the state action issue.

## 28 U.S.C. § 2201

■ Plaintiff has alleged that this Court has jurisdiction over this action by reason of 28 U.S.C. § 2201. It is clearly established that the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, confers only a remedy, and that an independent basis for federal court jurisdiction must be shown. *Fry Brothers Corp. v. Department of Housing and Urban Development*, 614 F.2d 732, 733 (10th Cir. 1980).

IT IS THEREFORE BY THE COURT ORDERED that defendants motion to dismiss be, and it hereby is, granted as to plaintiff's claims based on 42 U.S.C. §§ 1985(3), 1986, 1988 and the First, Fifth and Ninth Amendments.

IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's

claims based on 29 U.S.C. § 701, *et seq.*, 42 U.S.C. § 1983, and the Fourteenth Amendment be, and it hereby is, overruled.