**Ann McLAUGHLIN, Secretary of Labor, U.S. Dept. of Labor, Plaintiff–Appellant,**

v.

**SEAFOOD, INC., et al., Defendants–Appellees.**

No. 87–4762.

United States Court of Appeals, Fifth Circuit.

March 2, 1989.

George R. Salem, Sol., U.S. Dept. of Labor, Robert A. Fitz, Dallas, Tex., for plaintiff-appellant.

Ellen R. Edmond, Linda Jan S. Pack, U.S. Dept. of Labor, Washington, D.C., for Dennis E. Whitfield.

Marc Linder, Texas Rural Legal Aid, Inc., Weslaco, Tex., for amicus curaie, Jesus Barrera.

G. Michael Pharis, Thomas R. Peak, Baton Rouge, La., for defendants-appellees.

## ON SUGGESTION FOR REHEARING EN BANC.

Before THORNBERRY, RUBIN, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The application for rehearing having been considered, the court's original opinion is modified as follows:

The first paragraph beginning on slip opinion page 949 [861 F.2d at 452] and the succeeding paragraph are withdrawn, and the following two paragraphs are substituted:

■ We review this balancing of the *Usery* considerations *de novo*.[6] In doing so, we formulate no new criteria but simply apply the settled tests. Seafood certainly exercised control over the workers while they were at work. It had the sole real investment in the work facilities, for the workers provided only their own garments and knives. While the relationship was not permanent, the work demanded little skill. The workers were not specialists called in to solve a special problem, but unskilled

---

6. *Brock v. Mr. W. Fireworks, Inc.,* 814 F.2d 1042, 1045 (5th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987); *see also Beliz v.* *W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1327 (5th Cir.1985).

laborers who performed the essential, everyday chores of Seafood's operation.[7] They were certainly not independent contractors in the "critically significant" sense that they were "in business for themselves."[8] As a matter of economic reality, there can be little doubt that the backers, pickers, and peelers were economically dependent upon their employer. The only question, therefore, is whether the fact that the workers moved frequently from plant to plant and from employer to employer removed them from the protections of the FLSA. We hold that it did not.

 The remedial purposes of the FLSA require the courts to define "employer" more broadly than the term would be interpreted in traditional common law applications.[9] These purposes are not defeated merely because essentially fungible piece workers work from time to time for neighboring competitors. Laborers who work for two different employers on alternate days are no less economically dependent on their employers than laborers who work for a single employer. Even if the freedom to work for multiple employers may provide something of a safety net, unless a worker possesses specialized and widely-demanded skills, that freedom is hardly the same as true economic independence.[10] Therefore, focusing on "economic reality" as the Supreme Court decisions require, we conclude that the backers, pickers, and peelers are " 'dependent upon finding employment in the business of others,' "[11] and therefore "employees" within the coverage of the FLSA.

In addition, the first sentence in Part III of the opinion, appearing on page 453, is modified to read as follows:

For the reasons set forth above, the judgment is REVERSED.

---

7. *Cf. Beliz*, 765 F.2d at 1327–28.

8. *See id.; Castillo v. Givens*, 704 F.2d 181, 190 (5th Cir.), *cert. denied*, 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983).

9. *See, e.g., Beliz*, 765 F.2d at 1327; *Usery*, 527 F.2d at 1311 n. 6; *Mednick*, 508 F.2d at 299.

10. *See U.S. v. Silk*, 331 U.S. 704, 706, 716–18, 67 S.Ct. 1463, 1465, 1470, 91 L.Ed. 1757 (1947).

11. *Beliz*, 765 F.2d at 1327 (quoting *Fahs v. Tree-Gold Co-op Growers*, 166 F.2d 40, 44 (5th Cir. 1948).