Dawn S. LARSON, Plaintiff,

v.

The SCHOOL BOARD OF PINELLAS COUNTY, FLORIDA, et al., Defendants.

No. 91–225–CIV–T–23C.

United States District Court,
M.D. Florida,
Tampa Division.

March 31, 1993.

Charles E. Lykes, Jr., Clearwater, FL, for Dawn S. Larson.

Dawn S. Larson, pro se.

Bruce P. Taylor, Law Office of Bruce P. Taylor, Largo, FL, for Pinellas County School Bd.

Robert George Walker, Jr., Law Office of Robert G. Walker, Jr., Clearwater, FL, for Stuart A. Weston, James M. Barker and Theodore J. Pafundi.

### ORDER

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of Defendant School Board's Motion To Dismiss Count I of the Second Amended Complaint (Dkt.49), the Individual Defendants' Motion To Dismiss Counts I, VI and VIII of Plaintiff's Second Amended Complaint (Dkt.54) and plaintiff's responses thereto. (Dkts.52, 56) For the reasons set forth below, the motions are granted in part and denied in part.[1]

---

1. The parties have consented to proceed before the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c) and Fed.R.Civ.P. 73.

## I

This employment discrimination action alleges that the School Board of Pinellas County, Florida ("School Board") and individual defendants Ted Pafundi, Stuart Weston and James Barker discriminated against plaintiff on the basis of her sex and physical condition during the course of her employment with the School Board from September 1983 through June 1990.

The School Board and defendants Pafundi and Weston have filed motions to dismiss Counts I, VI and VIII of plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Defendants argue that plaintiff's complaint fails to state a cause of action under: (a) the Equal Pay Act of 1963, 29 U.S.C. § 206(d), a part of the Fair Labor Standards Act of 1938 ("FLSA") (Count I); (b) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. (Count VI); and (c) 42 U.S.C. § 1985(3) (Count VIII).

## II

The accepted rule is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, the trial court is required to accept the material allegations of the complaint as true and to view the complaint in the light most favorable to the plaintiff. *St. Joseph's Hospital, Inc. v. Hospital Corp. of America,* 795 F.2d 948, 954 (11th Cir.1986).

### Count I

Defendants Weston and Pafundi argue that plaintiff has failed to state a cause of action under the Equal Pay Act because plaintiff fails to allege that either of them is an "employer" or that they participated in any way in the alleged discrimination. Defendant School Board argues that the complaint fails to allege that any of the work performed by plaintiff was of equal responsibility and performed under similar conditions as work performed by defendant Ted Pafundi, a male employee. The School Board also states plaintiff has failed to allege when the alleged actions occurred. .

In order to establish a *prima facie* case under the Equal Pay Act, the plaintiff must demonstrate that "an employer pays different wages to employees of the opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Price v. Lockheed Space Operations Co.,* 856 F.2d 1503, 1505 (11th Cir.1988) (citation omitted). A plaintiff establishes a *prima facie* case by comparing the jobs held by the female and male employees and showing that those jobs are substantially equal, and not by comparing the skills and qualifications of the individuals holding those jobs. *Brock v. Georgia Southwestern College,* 765 F.2d 1026, 1032 (11th Cir.1985).

Count I of plaintiff's complaint alleges that prior to May 8, 1989, plaintiff and defendant Ted Pafundi "served in positions which required equal skill, effort and ability, to wit: Personnel Technician in charge of tax shelter programs and supervisor of employee benefits, respectively. Each position required them to apply employee payroll deductions to pay for employee benefits." Plaintiff also alleges that she was paid less money than defendant Pafundi because of her sex.

Plaintiff further alleges that on or about May 8, 1989, plaintiff's position was transferred into the Risk Management section by defendant School Board, acting through defendant Weston. Plaintiff states her job description was revised by defendant Weston to remove responsibilities which she was still performing, and defendant Pafundi was assigned supervisory responsibility over her in an effort to conceal the wrongful pay differential between plaintiff and defendant Pafundi. (Second Amended Complaint, ¶ 10, 11, 12)

Viewing the complaint in the light most favorable to the plaintiff, the School Board's argument as to Count I must be rejected.

Defendants' argument that plaintiff has not alleged that any of the individual defendants is an "employer" is also not persuasive. Plaintiff alleges that the individual defendants are officials or agents of defendant School Board with the authority to take the discriminatory actions alleged in the amended complaint. (Second Amended Complaint, ¶ 2)

"Employer" is defined more broadly under the FLSA than the term would otherwise be interpreted under traditional common law applications in order to meet the remedial purposes of the FLSA. *McLaughlin v. Seafood, Inc.,* 867 F.2d 875, 877 (5th Cir.1989). An individual who lacks a possessory interest in a business or corporation may still be an "employer" under the FLSA if he or she "effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194–195 (5th Cir.1983). *See also Dole v. Lombardi Enterprises, Inc.,* 761 F.Supp. 233, 237 (D.Conn.1991) (individuals who control or operate a business and act directly upon employees are considered to be "employers" for purposes of the FLSA).

In light of the broad definition of "employer" under the FLSA and the fact that the allegations in the complaint must be viewed in the light most favorable to the plaintiff, the Magistrate Judge cannot conclude at this time that it is "beyond doubt that the plaintiff can prove no set of facts" which would subject the individual defendants to liability as employers under the FLSA. *See Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. The motions to dismiss are therefore denied as to Count I.

### Count VI

The individual defendants contend that plaintiff's complaint fails to state a cause of action under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, ("Title VI") because there is no allegation that defendants discriminated against plaintiff on the basis of race, color, or national origin. This argument must be rejected.

Count VI alleges a cause of action for discrimination on the basis of plaintiff's medical condition but cites Title VI as the statutory basis for plaintiff's claim. Plaintiff states that the remedies of Title VI are applicable to section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which is the actual basis of her claim in Count VI.

Section 504 provides, in relevant part:

No otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ...

29 U.S.C. § 794.

Section 794a provides that the remedies of Title VI are applicable to claims brought pursuant to section 504. *See* 29 U.S.C. § 794a(a)(2). The fact that plaintiff has not specifically cited section 504 as the basis for her claim in Count VI does not warrant dismissal of Count VI pursuant to Rule 12(b)(6), Fed.R.Civ.P. *See Doss v. South Central Bell Telephone Co.,* 834 F.2d 421, 423–424 (5th Cir.1987) (pleading improper legal theory does not preclude recovery under proper legal theory); *Thomas W. Garland, Inc. v. St. Louis,* 596 F.2d 784, 787 (8th Cir.), *cert. denied,* 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979) (complaint should not be dismissed merely because the allegations do not support the particular legal theory advanced in the complaint); *Sessions v. Chrysler Corp.,* 517 F.2d 759, 760–761 (9th Cir.1975) (fact that the plaintiff mislabelled his cause of action against defendants was irrelevant as long as he was entitled to relief against the defendants on any theory).

■ Count VI alleges that plaintiff has suffered loss of wages, employment opportunities and medical benefits as a result of discriminatory actions taken by defendants against her because of her medical condition of renal failure. *See generally Arline v. School Bd.,* 772 F.2d 759, 764 (11th Cir.1985), *aff'd,* 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987) (teacher with contagious tuberculosis was within the coverage of the Rehabilitation Act). Plaintiff also alleges that she was fully able to perform her job

with reasonable or no accommodation by defendants.

Viewing the complaint in the light most favorable to the plaintiff, it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102. The motion to dismiss is therefore denied as to Count VI, as it states a claim for relief under the Rehabilitation Act, to which Title VI remedies apply.

### Count VIII

Count VIII alleges that defendants Pafundi, Weston and Barker violated 42 U.S.C. § 1985(3) by conspiring to commit the· actions described in Counts I through VII of the Second Amended Complaint. Plaintiff also alleges that these actions were "intentional and malicious." (Second Amended Complaint, ¶ 40, 41).

The individual defendants argue that plaintiff has failed to state a cause of action for conspiracy under 42 U.S.C. § 1985(3) because the complaint does not make specific factual allegations regarding the roles which the defendants allegedly played in the conspiracy. Defendants also contend that the complaint fails to allege that the defendants conspired to deprive plaintiff of any constitutional right or other right, privilege or immunity secured under federal law.

> Section 1985(3) provides, in relevant part: If two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... the party so injured or deprived of having may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

■ Section 1985(3) is a purely remedial statute which creates no rights and provides a civil cause of action only when some otherwise defined federal right is breached by a conspiracy in the manner defined by the statute. *Great American Federal Savings & Loan Assoc. v. Novotny,* 442 U.S. 366, 376, 99 S.Ct. 2345, 2351, 60 L.Ed.2d 957 (1979). Thus, the Court must determine whether plaintiff's complaint alleges a class-based conspiracy to deprive her of federal rights which are protected under the statute.

■ Under section 1985(3), the plaintiff must establish:

> (1) a conspiracy; (2) motivated by racial or other class-based invidious discrimination; (3) for the purpose of depriving directly or indirectly any person of equal protection of the laws of equal privileges and immunities under the laws; (4) some act committed in furtherance of the conspiracy and (5) an injury to the plaintiff's person or property or a deprivation of any right or privilege of a United States citizen.

*Arnold v. Board of Education,* 880 F.2d 305, 317 (11th Cir.1989). To withstand a motion to dismiss brought pursuant to Rule 12(b)(6), Fed.R.Civ.P., a plaintiff must simply plead general facts from which a conspiracy can be inferred, and the existence of the conspiracy may be shown by circumstantial evidence. *Id.* at 317. However, facts relating to the overt acts must be pled with specificity. *Id.*

Initially, the Court must determine whether plaintiff's complaint alleges a conspiracy that was motivated by racial or other class-based invidious discrimination, in order to deprive plaintiff of any constitutional right or other right, privilege or immunity secured under federal law. As the overt acts in furtherance of a section 1985(3) conspiracy. must be pled with specificity, the Magistrate Judge has considered those specific acts set forth in paragraphs 1 through 39 of plaintiff's complaint as the basis for the alleged conspiracy.

In *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court stated section 1985(3) reaches only those conspiracies which are motivated by "racial, or perhaps otherwise class-based, invidiously discriminatory animus". *Id.* at 102, 91 S.Ct. at 1798. This requirement exists so that section 1985(3) is not utilized as a general federal tort law. *Id.* at 102, 91 S.Ct. at 1798. The Supreme Court has explicitly left open the question of whether section 1985(3) reaches conspiracies which are moti-

vated by other than racial animus. *See United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 835–837, 103 S.Ct. 3352, 3359–61, 77 L.Ed.2d 1049 (1983). *See also Bray v. Alexandria Women's Health Clinic,* — U.S. ——, —— ——, 113 S.Ct. 753, 758–759, 122 L.Ed.2d 34 (1993).

Lower courts are split on the issue of whether handicapped persons constitute a class entitled to protection under section 1985(3). Several courts to address this issue have held that handicapped persons are not a historically suspect class which falls within the purview of section 1985(3), even if the plaintiff could define a class of handicapped persons with sufficient conditions or factors in common derived from their physical condition to be identifiable. *See D'Amato v. Wisconsin Gas Co.,* 760 F.2d 1474, 1485–87 (7th Cir.1985); *Wilhelm v. Continental Title Co.,* 720 F.2d 1173, 1176–77 (10th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1601, 80 L.Ed.2d 131 (1984); *Cain v. Archdiocese of Kansas City,* 508 F.Supp. 1021, 1027 (D.Kan. 1981). Other courts have found that handicapped persons are entitled to protection under section 1985(3). *See People by Abrams v. 11 Cornwell Co.,* 695 F.2d 34, 42–43 (2nd Cir.1982), *modified on other grounds,* 718 F.2d 22 (2nd Cir.1983); *Tyus v. Ohio Dept. of Youth Services,* 606 F.Supp. 239, 245–247 (S.D.Ohio 1985).

One Middle District of Florida case holds that the handicapped are not a class within the meaning of section 1985(3), relying on *Wilhelm v. Continental Title Co., supra. See Corkery v. SuperX Drugs Corp.,* 602 F.Supp. 42, 44–45 (M.D.Fla.1985). However, the Magistrate Judge notes that *Corkery,* as well as the cases which have held that the handicapped are not a class subject to protection under section 1985(3), involved a private conspiracy. *See Corkery,* 602 F.Supp. at 43. *See also D'Amato,* 760 F.2d at 1485; *Wilhelm,* 720 F.2d at 1174; *Cain,* 508 F.Supp. at 1023.

The instant case involves an alleged conspiracy by a public entity and its officials. However, in *Burrell v. Bd. of Trustees of Ga. Military College,* 970 F.2d 785 (11th Cir.), *reh'g denied, en banc,* 978 F.2d 718 (11th Cir.1992), *petition for certiorari filed* (January 27, 1993), the Eleventh Circuit stated public officials are not subject to liability under section 1985(3) unless their actions are motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" under *Griffin. Id.* 970 F.2d at 793–794.[2]

■ Although *Corkery* and the other cases holding that the handicapped are not a class under section 1985(3) were decided in the context of a private conspiracy, it appears that the type of discriminatory animus envisioned in *Griffin, supra,* is also applicable to section 1985(3) conspiracies against public entities and officials. Therefore, the reasoning of these cases that the handicapped are not a historically suspect class which is protected under section 1985(3) is persuasive. The motion to dismiss is therefore granted to the extent that plaintiff's section 1985(3) claim is predicated upon alleged discrimination on the basis of handicap or physical condition.

■ The motion to dismiss is also granted to the extent that plaintiff's section 1985(3) claim is based upon alleged deprivation of her rights under Title VII. *See Novotny,* 442 U.S. at 378, 99 S.Ct. at 2352 (deprivation of a right created by Title VII cannot be the basis for a cause of action under section 1985(3), as it would undermine the effectiveness of the Congressional plan created under Title VII).

The Eleventh Circuit has noted that *Novotny* was decided in the context of private employment and has therefore expressly declined to decide whether the same claim would be barred when brought in the context of state employment. *Faucher v. Rodziewicz,* 891 F.2d 864, 871 n. 4 (11th Cir.1990).[3]

---

**2.** Since a requirement existed that a section 1985(3) action against public officials be predicated upon the type of discriminatory animus addressed in *Griffin,* the court found that the need for granting public officials qualified immu-

nity under section 1985(3) was obviated. *Id.* 970 F.2d at 794.

**3.** In *Faucher,* the plaintiff alleged a gender-based conspiracy against a public hospital and certain county officials. The court dismissed the claim

However, there is no reason to believe that a section 1985(3) claim brought in the context of state employment would be any less likely to undermine the effectiveness of the Title VII plan. Therefore, the motion to dismiss is granted to the extent that plaintiff's section 1985(3) claim is based upon alleged deprivation of her rights under Title VII.

■ Plaintiff's section 1985(3) claim is also dismissed to the extent that it is predicated upon the Equal Pay Act. Although one court has permitted such a claim, *see Hodgin v. Jefferson*, 447 F.Supp. 804, 808 (D.Md.1978), the more persuasive cases have concluded that the reasoning of *Novotny* is also applicable to alleged deprivation of rights created under the Equal Pay Act. *See Whitten v. Petroleum Club of Lafayette*, 508 F.Supp. 765, 772 (W.D.La.1981); *Lyon. v. Temple University of Commonwealth System of Higher Education*, 507 F.Supp. 471, 478–479 (E.D.Pa.1981).

However, plaintiff's complaint also alleges that defendants denied plaintiff due process and equal protection of the law on the basis of her sex, in violation of 42 U.S.C. § 1983. (Second Amended Complaint, ¶¶ 35, 38) The Eleventh Circuit has expressly reserved judgment on the issue of whether Congress intended section 1985(3) to cover activities motivated by gender-based animus. *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 629 and n. 6 (11th Cir.1992).

*Lucero* noted the split in the circuits regarding this issue. *See Id.* at 629 n. 6. Although *Lucero* stated the Supreme Court had recently accepted certiorari to consider this issue, the Supreme Court found it unnecessary to reach the issue of whether women are a qualifying class under section 1985(3) when it handed down its awaited decision on January 13, 1993. *See Bray*, —— U.S. at

——, 113 S.Ct. at 759. However, the Court did state in dictum that the "animus" requirement "does demand ... however, at least a purpose that focuses upon women by reason of their sex ..." *Id.* —— U.S. at ——, 113 S.Ct. at 759.[4]

■ The Magistrate Judge concludes that the cases cited in *Lucero* in support of the position that gender-based animus can support a cause of action under section 1985(3) are persuasive. *See Lucero*, 954 F.2d at 629 n. 6. Because plaintiff's amended complaint also alleges intentional deprivation of constitutional rights of due process and equal protection of the law on the basis of gender-based animus and under color of state law, the motion to dismiss cannot be granted as to this aspect of plaintiff's section 1985(3) claim, as the Court cannot conclude from plaintiff's Second Amended Complaint that it is "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102.[5] The motion to dismiss is therefore denied as to that aspect of Count VIII which alleges that defendants denied plaintiff due process and equal protection of the law on the basis of her sex, in violation of 42 U.S.C. § 1983.

It is therefore ORDERED:

(1) that Defendant School Board's Motion To Dismiss Count I of the Second Amended Complaint (Dkt.49) is DENIED;

(2) that the Individual Defendants' Motion To Dismiss Counts I, VI and VIII of Plaintiff's Second Amended Complaint (Dkt.54) is GRANTED IN PART AND DENIED IN PART. Count VIII of plaintiff's Second Amended Complaint is dismissed to the extent that plaintiff's section 1985(3) claim is predicated upon Title VII, the Equal Pay

because procedural due process remained available to plaintiff, and plaintiff also failed to produce any substantial evidence that gender-based discrimination had occurred. The court therefore declined to address whether *Novotny* was also applicable to section 1985(3) claims arising in the context of public employment. *Id.* 891 F.2d at 871.

**4.** In *Bray*, the respondents argued that the class-based discrimination was directed at women in

general, rather than women who were seeking abortions. The Court determined that the animus exhibited by anti-abortion protestors was directed at both male and female abortionists and rejected the argument that the class at issue was women. *Id.* —— U.S. at ——, 113 S.Ct. at 759–762.

**5.** Defendants' motion also acknowledges that "a gender-based conspiracy might be permissible in the 11th Circuit if properly stated." (Dkt.54, p.7)

Act, or allegations of handicap discrimination. The motion is otherwise DENIED.

DONE and ORDERED.