Nathaniel Lee **HAWTHORNE**
and
Sarah Elizabeth **Hawthorne**

v.

The **KENBRIDGE RECREATION ASSO-
CIATION, INCORPORATED,** Ken-
bridge, Virginia.

Civ. A. No. 295–70–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 9, 1972.

S. W. Tucker, Richmond, Va., J. Francis Pohlhaus, Washington, D. C., for plaintiffs.

James T. Edmunds, Kenbridge, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiffs, on behalf of themselves and all others similarly situate, Negro residents of Lunenburg County, Virginia, bring this action alleging a deprivation of their rights guaranteed them under the Constitution of the United States, Title 42, §§ 1981–2000d and Title 28, § 2201 U.S.C.A.

Defendant is a non-profit membership corporation which operates certain recreational facilities located in Lunenburg County, Virginia, the membership of which is open to 200 approved applicants.

Jurisdiction of the Court is invoked by virtue of 28 U.S.C.A. §§ 1331(a) and 1343(4).

The Court has considered the pleadings, stipulations and evidence intro-

duced by the parties, and finds as follows:

Plaintiffs, husband and wife, are Negro citizens of Lunenburg County, Virginia, parents of children under 18 years of age, and are representative of the class of rural residents of Lunenburg County desiring membership in the defendant corporation.

The Kenbridge Recreation Association, Inc., was incorporated in 1963 but generally inactive until 1968 after having secured a direct loan from the Farmers' Home Administration, an agency of the United States Government. The proceeds of the loan, $65,000.00, was in the form of a United States Treasury check and was evidenced by a promissory note payable in forty annual installments, with interest at the rate of 5% per annum, executed by the defendant corporation for the benefit of the United States Government and secured by a deed of trust dated March 19, 1968, on the defendant's approximately four and one half acres of land and improvements thereon.

Subsequent to the receipt of the recreational development loan made under the provisions of Title 7, U.S.C. § 1926, permitting loans to be made or insured by the Secretary of Agriculture to non-profit corporations for recreational development for use by rural residents, the note and its security were transferred to the First National Bank of Wichita, Kansas, with recourse to the Government.

The proceeds of the loan were used by the defendant to improve its land by construction of a swimming pool, tennis courts and other recreational facilities, the use of which is limited to its members. Membership is afforded married couples with children and to individual adults. Defendants have no objective criteria for membership. Members, to a limit of two hundred, are admitted upon written application and approval of the Board of Directors.

Plaintiffs, as well as at least one other Negro, have applied for membership and have been rejected. There have never been any but white members of the Association. At least one white has been denied membership by reason of the defendant's limiting membership to two hundred.

The defendants, who negotiated their loan through the County Supervisor of the Farmers' Home Administration Agency, sought and received assurances from him that the loan contemplated would be what he described as an insured loan, differing from a direct loan and not "subject to the provisions of the Civil Rights Act." (See DX4)

The only capital assets of the defendant corporation are land and recreational facilities which are the subject matter of the Deed of Trust executed in connection with the Government loan. Defendant corporation would not have accepted the loan except for its understanding that by so doing it was not subjecting itself to provisions of the Civil Rights Act, it being their desire at the time to operate the corporation as a private club with the right to accept or reject membership at the sole discretion of its Board of Directors. That the Board's policy is to limit its membership to white applicants is obvious.

The primary issue before the Court is whether as a consequence of negotiating and accepting federal financial assistance, as was done, the defendant corporation is required to admit applicants without regard to race or color.

That the defendant accepted the financial assistance under the mistaken belief that by so doing it would not be within the purview of the Civil Rights Act is no defense to the instant action. No person may be deprived of the protection of the law because of mistaken action on the part of public officials. See United States v. San Francisco, 310 U.S. 16, 32, 60 S.Ct. 749, 84 L.Ed. 1050 (1939).

In short, is the defendant corporation covered under Title 6 of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, which prohibits racial discrimination under any program or activity receiving

Federal financial assistance? The language of the particular section is:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

and, in the Court's opinion, is determinative of the primary issue.

The aforementioned section, coupled with the obvious intent of Congress in enacting Title 7, U.S.C. 1926, convinces the Court of the merit of plaintiffs' contention. The Congressional intent, as evidenced by various statements made during the debate when Congress was considering this as well as other allied issues, precludes any suggestion that Congress intended for the government to supply money for the financing of private clubs. One of the purposes was to establish recreational facilities for a particular segment of the public, to-wit: farmers, ranchers and other rural residents. The debates which Congress engaged in about this particular section, as well as other sections referring to recreational provisions, leaves no doubt that Congress gave consideration to the use of the facilities in an inter-racial manner. Indeed, some of the objections expressed to the suggested bills were based on the concept that integration at these facilities would follow.

■ The unequivocal language of 42 U.S.C. § 2000d, coupled with the duty of the defendants in accepting the loan, requires that they accept for membership rural residents without regard to race, color or national origin. One of the conditions of granting a loan such as the instant case is that the recipients thereof will not engage in racial discrimination in selecting the ultimate beneficiaries of the recreational facilities acquired by virtue of the loan. Indeed, a loan from the United States of America predicated on any understanding that the funds would be used to encourage, magnify or condone racial discrimination would constitute dereliction on the part of those officials who participated in any such transaction, and would not, even in such an extreme hypothesis, be a saving defense to an action such as this seeking a declaration that any such policy and any such use of public funds must be declared null and void in light of the prohibitions enunciated by Congress.

In view of the Court's conclusion that the funds involved herein represent Federal financial assistance, such funds were by law enveloped with a non-discriminatory compact and control the issues before the Court.

Any further discussion as suggested by the plaintiffs reference possible constitutional issues would be solely in the nature of an advisory opinion, an unnecessary journey upon which the Court declines to embark.

■ The Court is in full accord with the defendant's view that the plaintiffs have no greater right to membership in the Kenbridge Recreation Association, Incorporated, than any other citizen of Lunenburg County. Nevertheless they are entitled to be considered for membership on the same basis as any other resident of Lunenburg County, and specifically without regard to race, color or national origin. The Court accordingly declares any other policy to be null and void.

Since the record fails to disclose applications by any other members of the plaintiff class than the named plaintiffs and Russell L. Callahan, the defendants will be mandatorily enjoined to accept for membership in their association those members of the plaintiff class who have applied and been rejected by reason, as the Court has found, of their race. In addition, the said defendants will be directed to establish reasonable objective criteria for membership in the association and the use of the facilities in question, and will cause to be publicized in the area served by the association such membership criteria, and accept and evaluate each application without regard to race, color or national origin. In the event the defendant cor-

poration deems it appropriate to limit the membership to 200, as apparently they have heretofore so concluded, and they have applications in excess of that number, all of whom qualify under such reasonable and objective standards as the Court may approve, then the defendant shall report to the Court for further consideration as to a fair and equitable manner of selecting members.

An order consistent with these findings will be entered.