James L. CHERRY and Action League
for Physically Handicapped
Adults, Plaintiffs,

v.

F. David MATHEWS, HEW and Martin
Gerry, Defendants.

Civ. A. No. 76–255.

United States District Court,
District of Columbia.

July 19, 1976.

Victor H. Kramer, Richard B. Wolf, Jane Bloom Yohalem, Institute for Public Interest Representation, Washington, D.C., for plaintiffs.

Joseph Guerrieri, Jr., Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiffs filed this action to compel the Secretary of Health, Education and Welfare (Secretary) to promulgate certain regulations implementing § 504 of the Rehabilitation Act of 1973 (Act), 29 U.S.C. § 794, as amended.[1] Defendants have contended that the statute imposes no explicit duty to issue regulations, in contrast to other civil rights and similar statutes which directly confer rulemaking authority. *E. g.*, 42 U.S.C. § 2000d–1 (non-discrimination on account of race, color, or national origin);

---

1. The statute provides: "No otherwise qualified handicapped individual in the United States, as defined in [29 U.S.C. § 706(6), as amended], shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

20 U.S.C. § 1681 (non-discrimination on account of sex); 29 U.S.C. § 780(b) (specific portions of Rehabilitation Act of 1973); *cf.* Exec. Order 11914, 41 Fed.Reg. 17871 (April 29, 1976) (enforcement procedures for § 504). The matter is before the Court on Cross Motions for Summary Judgment.

Although § 504 contains no language requiring rulemaking, the plain meaning doctrine does not preclude consideration of legislative history when necessary to ascertain and effectuate an underlying congressional purpose. *See March v. United States*, 165 U.S.App.D.C. 267, 506 F.2d 1306, 1313–14 (1974). The statute's discrimination prohibitions were certainly not intended to be self-executing. Reports from the Senate and the House on the 1974 Amendments to the Act indicate that Congress contemplated swift implementation of § 504 through a comprehensive set of regulations. S.Rep. No. 1139, 93d Cong., 2d Sess. 24–25 (1974); H.R.Rep. No. 1457, 93d Cong., 2d Sess. 27–28 (1974) (Conference report); S.Rep. No. 1297, 93d Cong., 2d Sess. 39–40 (1974); *see Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 380–81, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969) (importance of subsequent congressional declaration of intent). In view of the foregoing, the Court concludes that the Secretary is required to promulgate regulations effectuating § 504.

Both draft and proposed regulations have already been issued by the Secretary. *See* 41 Fed.Reg. 20296 (May 17, 1976); *id.* at 29548 (July 16, 1976).[2] The introduction and preambles to the regulations detail the complex, difficult problems involved in fashioning guidelines to prevent discrimination against handicapped individuals. Rather than establish a date by which final regulations must issue, the Court retains jurisdiction over this matter to assure that no further unreasonable delays affect the promulgation of regulations under § 504.

An order in conformity with this Memorandum is attached.

**ORDER**

Upon consideration of the parties' Cross Motions for Summary Judgment, the memoranda of points and authorities in support thereof and in opposition thereto, oral argument of counsel having been heard, and for the reasons set forth in the accompanying Memorandum, it is by the Court this 19th day of July 1976

ORDERED that plaintiffs' Motion for Summary Judgment be, and the same hereby is, granted; and it is further

ORDERED that defendants' Motion for Summary Judgment be, and the same hereby is, denied; and it is further

ORDERED that the Court retains jurisdiction over this matter pending the promulgation of final regulations implementing § 504 of the Rehabilitation Act of 1973.

2. These draft and proposed regulations are a sufficient response to plaintiff Cherry's June 1975 petition for rulemaking under 5 U.S.C. § 553(e).