GUERTIN, Ralph F., Plaintiff,

v.

Norman HACKERMAN and William Marsh Rice University, Defendants.

Civ. A. No. 76–H–880.

United States District Court,
S. D. Texas,
Houston Division.

July 31, 1980.

David Lopez, Houston, Tex., for plaintiff.

L. Chapman Smith, Baker & Botts, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Came on to be heard defendants' Motion for Summary Judgment requesting this Court to find pursuant to Rule 56 of the Federal Rules of Civil Procedure that no issue of material fact exists and to grant judgment in its favor. For the following reasons, the Court DENIES the defendants' Motion.

Plaintiff alleges that he is a handicapped individual who has been denied certain rights under the Rehabilitation Services Act, 29 U.S.C. § 701, et seq., by the defendant, Rice University. Specifically, the plaintiff alleges that Rice University failed to affirmatively accommodate the handicap of the plaintiff, failed to advance the plaintiff in his employment, and failed to qualify the plaintiff for tenure in his capacity as an instructor in the physics department. This action is brought pursuant to § 504 of the Rehabilitation Services Act, 29 U.S.C. § 794, and 42 U.S.C. §§ 1981 and 1983; jurisdiction is asserted under 28 U.S.C. §§ 1343(3) and 1343(4), 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1331, and the Thirteenth and Fourteenth Amendments to the United States Constitution.

At the outset, the Court finds that it has jurisdiction, if at all, only if the plaintiff has a cause of action under § 504 of the Rehabilitation Services Act which would thereby raise a federal question (28 U.S.C. § 1331(a)) or a civil rights claim (28 U.S.C. § 1343(4)), for the plaintiff has not shown that he has a cognizable federal right under 42 U.S.C. §§ 1981 and 1983. Furthermore, neither the Thirteenth and Fourteenth Amendments to the United States Constitution nor the declaratory judgment statutes, 28 U.S.C. §§ 2201 and 2202, provide an independent jurisdictional basis. Thus, the plaintiff may only proceed with this action if he establishes that he has a federal right by virtue of § 504 of the Rehabilitation Services Act.

Section 504 of the Rehabilitation Services Act, 29 U.S.C. § 794 provides in part as follows:

No otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

The defendants argue that the plaintiff has no cause of action under that section of the Rehabilitation Services Act for several reasons. It first argues that § 504 of the Rehabilitation Services Act does not provide individuals such as the plaintiff a private cause of action. However, a growing number of courts that have considered the question have found an implied right to a private action under § 504. *See Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87 (4th Cir. 1978), *cert. denied*, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); *Leary v. Crapsey*, 566 F.2d 863 (2nd Cir. 1977); *United Handicapped Federation v. Andre*, 558 F.2d 413 (8th Cir. 1977); *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977); and *Howard S. v. Friendswood Independent School District*, 454 F.Supp. 634 (S.D.Tex.1978).

■ Indeed, the United States Court of Appeals for the Fifth Circuit in its recent decision of *Rogers v. Frito–Lay, Inc.*, 611 F.2d 1074 (5th Cir. 1980), examined both §§ 503 and 504 of the Rehabilitation Services Act and concluded that § 503, unlike § 504, did not provide for a private right of action. The Fifth Circuit noted that the Supreme Court in *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979) had found an implied private cause of action in Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., for violation of § 901(a) of that Act and concluded that the language of that section more closely paralleled the language of § 504 of the Rehabilitation Services Act which *outlawed* discrimination as opposed to focusing on affirmative action by contractors which are the subject of § 503. See *Frito–Lay, supra* at 1083. Although the court's comments on § 504 must be considered *dicta* since the plaintiff in that case had not asserted a cause of action under § 504, we find the court's analysis of the relationship between § 503 and § 504 in that case compelling. Consequently, this Court finds that § 504 of the Rehabilitation Services Act does provide handicapped individuals with a private right of action.

■ The defendants next argue that even if a private right of action may be implied under § 504 of the Rehabilitation Services Act, the plaintiff may not maintain this suit because he has not exhausted his administrative remedies. The defendants rely on language in *Lloyd v. Regional Transportation Authority, supra*, to the effect that when administrative remedies are provided, the judicial remedy available is limited to post–administrative judicial review. However, the court in *Lloyd* expressly left open the question of the scope of such judicial remedy since at that time no effective administrative enforcement regulations had been promulgated. The Court finds that a similar situation exists here. Regulations pertaining to 29 U.S.C. § 794 did not take effect until June 3, 1977. 45 CFR § 84.1 (1978). This action was filed May 26, 1976, and thus, the plaintiff did not have the benefit of these regulations setting out administrative procedures.

■ The defendants maintain, however, that the plaintiff received a thorough administrative investigation and consideration of his claims from the Department of Labor in 1975. However, the regulations under which the plaintiff filed his charge with the Labor Department were not regulations promulgated under § 504, but rather regulations promulgated under § 503. These regulations, 20 CFR § 741, redesignated as 41 CFR § 60–741, took effect on June 11, 1974. The Court finds that the plaintiff's attempt to pursue administrative remedies under the § 503 regulations will not bar the present suit. As the Fifth Circuit in *Frito–Lay* made clear, not only do §§ 503 and 504 address different types of federal involvement with the handicapped, but they were also envisioned by Congress to be implemented and enforced through differing mechanisms. See *Frito–Lay, supra* at 1095–1097. The Court declines to rule, as the defendant would have us rule, that recourse to § 503 regulations is equivalent to recourse to § 504 regulations.

■ The defendants next argue that plaintiff may not sue a private entity under § 504. The Court finds that this argument

has no basis in either the statutory language or in its interpretation by federal courts. Section 504 specifically refers to "*any* program or activity receiving federal financial assistance." Federal courts have upheld § 504 suits against private entities. *Barnes v. Converse College*, 436 F.Supp. 635 (D.S.C.1977). Moreover, as outlined above, the 1978 amendments to the Rehabilitation Act make available to § 504 litigants remedies set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. Suits against private entities have been allowed under Title VI. *See, e. g., Bob Jones University v. Johnson*, 396 F.Supp. 597 (D.S.C. 1974); *Hawthorne v. Kenbridge Recreation Association*, 341 F.Supp. 1382 (D.Va.1972). These cases are persuasive for the proposition that private entities may be sued under § 504.

Next the defendants argue that the plaintiff fails to qualify for relief under the terms of the Rehabilitation Services Act because he has not shown that he was employed in a program which received direct funding or assistance, citing *Simon v. St. Louis County Police Department*, 497 F.Supp. 141, 14 EPD ¶ 7703 (E.D.Mo. 1977). The plaintiff alleges in his complaint that defendant Rice University "maintained programs or activities which received federal financial assistance," but did not specifically state that the program under which he was employed received federal financial assistance. The plaintiff has requested leave to amend his complaint to include the specific allegation, noting that such was allowed by the Court in *Simon.* That request is granted and the plaintiff will have fifteen (15) days from the entry of this order to file his amended complaint for that purpose.

Finally, the defendants argue that the plaintiff has failed to show that the primary objective of federal financial assistance to Rice University was to provide employment. As stated above, the 1978 amendments to the Rehabilitation Services Act provide that remedies for violation of § 504 shall be as set forth in Title VI of the Civil Rights Act. While § 601 of Title VI broadly prohibits acts of discrimination under any program or activity receiving federal financial assistance, this section is limited by the language in § 604. Section 604 of Title VI reads:

Nothing contained in this subchapter shall be construed to authorize action under the subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment. 42 U.S.C. § 2000d–3.

■ On the basis of this language, the Court in *Trageser, supra,* stated that a judicial remedy under Title VI was not available against an institution receiving federal funds unless 1) a primary objective of the federal aid was to provide employment or 2) discrimination in employment necessarily causes discrimination against the primary beneficiaries of the federal aid. *See also United States v. Jefferson County Board of Education*, 372 F.2d 836, 883 (5th Cir. 1966); *Caulfield v. Board of Education*, 583 F.2d 605 (2nd Cir. 1978); and *Feliciano v. Romney*, 363 F.Supp. 656, 672 (S.D.N.Y.1973). Having reviewed the record, the Court concludes that the plaintiff has at least presented a material issue of fact as to whether or not employment was one of the primary objectives of the federal aid being received by Rice University and as to whether employment discrimination at Rice necessarily caused discrimination against the primary beneficiaries of the federal aid. This issue would be more appropriately addressed and disposed of at trial rather than at this preliminary stage of the pleadings.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that defendants' Motion for Summary Judgment is DENIED and plaintiff's request to amend his complaint is GRANTED.