**Orlan MILLER, Plaintiff,**

v.

**ABILENE CHRISTIAN UNIVERSITY OF DALLAS, Defendant.**

Civ. A. No. 3–81–0573–H.

United States District Court,
N. D. Texas,
Dallas Division.

June 25, 1981.

---

4.   See note 2, *supra.*

Frank P. Hernandez, Dallas, Tex., for plaintiff.

Susan Hamelin Baldwin, William M. Rippey, Strasburger & Price, Dallas, Tex., Stanley P. Wilson, McMahon, Smart, Wilson, Surovik & Suttle, Abilene, Tex., for defendant.

## ORDER

SANDERS, District Judge.

This case is before the Court on Defendant Abilene Christian University of Dallas' ("ACUD") Motion to Dismiss or for Summary Judgment, filed May 20, 1981, which was responded to by Plaintiff Orlan Miller on June 19, 1981. This case was brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits the exclusion of, denial of benefits to, or discrimination against handicapped persons under any program or activity receiving federal financial assistance. Miller claims that his employment was terminated by ACUD in violation of Section 504 of the Act and purports to represent a class of qualified handicapped employees who were similarly aggrieved by ACUD's practices.

ACUD asks the Court to dismiss the complaint for failure to state a claim or grant summary judgment in its favor, arguing that Miller has failed to allege that ACUD received federal funding. Further, ACUD asserts that Miller lacks standing to bring the suit because he has not alleged and cannot prove that he was the intended beneficiary of a federally funded program. Miller responds by saying that the Fifth Circuit has determined that Section 504 creates a private right of action for injunctive and declaratory relief and that the suit is therefore properly brought. *Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir. 1980). Miller's response, however, does not address the more subtle points raised by ACUD and the relevant authorities having to do with the prerequisites for maintaining such a private action.

In *Camenisch*, the Fifth Circuit relied on the analysis of Section 504 undertaken by the Seventh Circuit in *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977), which found that a private right of action for declaratory and injunctive relief may be implied under that section on behalf of disabled persons who were unable to use federally funded facilities. 616 F.2d at 131. The *Camenisch* panel, however, expressly reserved for later the question whether Section 504 creates a private cause of action in suits for damages. 616 F.2d at 132 n.10.

Since *Camenisch*, the Seventh Circuit has had occasion to cast further reflection on the circumstances in which a private right is available. In the case of *Simpson v. Reynolds Metals Co., Inc.*, 629 F.2d 1226 (7th Cir. 1980), the plaintiff brought suit under Section 504, alleging that his discharge from employment resulted from discrimination against him because of his handicap. The Seventh Circuit noted that its holding in *Lloyd* was not so sweeping as the *Simpson* plaintiff and some commentators would suggest, pointing out that their limited finding of a private judicial remedy was intended to be tentative pending the adoption of a meaningful administrative enforcement scheme, and that the question whether private action would still be available after final regulations were promulgated was expressly reserved. *Simpson*, 629 F.2d at 1229–30 & n.5. In deciding *Simpson*, however, the Seventh Circuit did not find it necessary to address the private right of action question that had been reserved because it found that there was a more fundamental obstacle to the bringing of the suit, relating to Simpson's standing to assert such a private right of action. Similarly, in the case at bar, Miller's reliance on *Camenisch* and its recognition of a private right of action in this circuit will not provide him with a solid defense to an attack on his standing to bring any action under Section 504.

The four circuits that have considered the question have unanimously held that handicapped persons cannot bring private claims for employment discrimination under Section 504 unless a primary objective of the federal financial assistance is to provide employment. *United States v. Cabrini Medical Center*, 639 F.2d 908, 911 (2d Cir. 1981); *Simpson*, 629 F.2d at 1234; *Carmi v. Metropolitan St. Louis Sewer District*, 620 F.2d 672 (8th Cir. 1980), *cert. denied*, 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980); *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87 (4th Cir. 1979), *cert. denied*, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979). The Complaint in this action is facially defective, in that it fails to allege that ACUD received federal financial assistance, the primary objective of which was to provide employment for faculty. The only allegation in the Complaint that comes close to addressing this pleading requirement is the statement at page two that "The University is a recipient within the meaning of 29 U.S.C. § 794." As demonstrated by the holdings in *Carmi* and *Trageser*, however, the mere receipt of federal funds by an employer is an insufficient basis of a cause of action under Section 504, without some allegation that the funds were supplied for the purpose of providing employment. The uncontroverted affidavits of Ray Holder, Comptroller of the University, and Melinda Reagan, Director of Business Operations of ACUD, establish that since the Fall of 1973, no federal financial aid has been available to ACUD for faculty salaries, and further, that during that time ACUD itself has received no direct federal financial aid, but has only administered various federal grant and loan programs for students. The Court is compelled to find that Miller's Complaint is facially defective and fails to state a claim for relief because he has not alleged that the funds received by ACUD are used primarily to provide employment and the evidence before the Court tends to show that just the opposite is true.

The Court does not rest its decision to dismiss this suit on this ground alone, however. Aside from the technical deficiencies of the pleadings, Miller is unable to demonstrate that he has standing to bring this suit, under the applicable case law. The Seventh Circuit in *Simpson* (relying on *dicta* from *Carmi* and *Trageser*) affirmed the dismissal of a Section 504 claim because the plaintiff had not alleged any nexus between his discharge and the federal assistance, stating:

> The statute does not, as plaintiff seems to contend, generally forbid discrimination against the handicapped by recipients of federal assistance. Instead, its terms apparently require that the discrimination must have some direct or indirect effect on the handicapped persons in the program or activity receiving federal financial assistance. To be actionable, the discrimination must come in the operation of the program or manifest itself in a handicapped individual's exclusion from the program or a diminution of the benefits he would otherwise receive from the program.

629 F.2d at 1232. Thus, to recover under Section 504, the handicapped plaintiff must be a beneficiary of or a participant in a federally funded program or activity and the alleged discrimination must be in connection with that program or activity. *Compare Sobol v. Board of Education, Willingsboro*, 25 F.E.P. Cases 548, 550 (D.N.J. 1981) *with Guertin v. Hackerman*, 496 F.Supp. 593 (S.D.Tex. 1980); *see Profitt v. Consolidated Coal Co.*, 21 F.E.P. Cases 382, 385 (S.D.W.V. 1979); *Simon v. St. Louis County Police Department*, 14 F.E.P. Cases 1363, 1364 (E.D.Mo. 1977).

In the case at bar, Miller has failed to allege or raise an issue of fact that would establish that he was a participant in a program or an intended beneficiary of a program or activity that receives federal assistance. It is beyond peradventure that federal funds were not used to employ Miller. Nor does he allege that the discriminatory employment practices allegedly directed at him (a non-beneficiary) affected any participants in or beneficiaries of the federal assistance. Again, the uncontroverted affidavits of Holder and Reagan state that

no federal financial aid for faculty salaries was received by Abilene Christian University of Dallas while Miller was employed there in the Department of Communications. While the Dallas campus where Miller was employed received no federal assistance at all, it appears that since 1970 the Abilene campus of the University has received six federal grants which were allocated and used for biology research, math training and social work. The receipt of these funds noted in the affidavits does not subject all of Defendant's activities to Section 504. *Trageser, supra; Profitt, supra.* Nor does Miller show how the alleged discrimination in the termination of his employment necessarily caused some discrimination against the primary beneficiaries of the federal aid. Miller does not allege that his termination in August 1979 had any discriminatory effect on the beneficiaries of these federal programs on the other campus. Since no federal funds were ever used ro received by his campus, much less his faculty department, Miller could not be heard to argue that his termination "freed up" federal funds which could be used for salaries in other departments where federal programs were in operation. In short, Miller has failed to demonstrate a nexus between his discharge and any federal financial assistance and lacks the requisite standing to prosecute this action under Section 504 of the Rehabilitation Act.

■ Finally, an individual plaintiff may not be certified to represent a class unless he can satisfy the requirements of individual standing as well as those of Federal Rule of Civil Procedure 23. *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Since Miller could not establish that he himself had suffered injury as a result of a violation by ACUD of a statute intended to protect him, he cannot seek relief on behalf of himself or any other member of the alleged class. *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26, 40, 96 S.Ct. 1917, 1925, 48 L.Ed.2d 450 (1976); *Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 2207, 45 L.Ed.2d 343 (1975). Thus, as Miller's claim for individual relief falls, so fall his class action allegations.

For the foregoing reasons, the Court find that Miller has failed to raise a genuine issue of material fact that would preclude the Court from holding that ACUD was entitled to judgment as a matter of law. Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED.