**Kenneth MORLOCK, Plaintiff,**

v.

**STATE OF OHIO, DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Columbus Developmental Center, Defendants.**

**No. C-2-80-643.**

United States District Court,
S.D. Ohio, E.D.

July 1, 1982.

James C. DeBoard, Frederick Berkemer, Columbus, Ohio, for plaintiff.

George Stricker, Jr., Asst. Atty. Gen., Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DUNCAN, District Judge.

This matter is before the Court on defendants' motion for summary judgment. The complaint herein alleges a cause of action under the Rehabilitation Act of 1973, Section 504, 29 U.S.C. § 794. Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331 and 1343. The complaint alleges that the plaintiff is blind and that the defendants discriminated against the plaintiff because of his handicap by refusing to promote him to a Social Work Consultant II position in May of 1976 and October of 1977. Plaintiff alleges that the defendants continued to discriminate against the plaintiff on account of his handicap until June 25, 1980, when the promotion was "belatedly awarded to the plaintiff." Defendants' motion for summary judgment is premised upon the theory that plaintiff has no private right of action under § 504 of the Rehabilitation Act.

Several statutes are pertinent to this question. Section 504 provides in pertinent part:

> No otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .

29 U.S.C. § 794.

Section 505 of the Rehabilitation Act provides for certain remedies:

> (2) The remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1964 shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under Section 794 of this title.

29 U.S.C. § 794a(2). By virtue of this provision, the remedies available for a violation of § 504 are provided for in Title VI of the Civil Rights Act of 1964.

Title VI provides in pertinent part:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

This provision of Title VI is limited by § 2000d–3 which states:

Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except *where a primary objective of the Federal financial assistance is to provide employment.* (Emphasis added.)

The issue presented on this motion for summary judgment is whether the limitation of § 2000d–3, by virtue of its incorporation into § 505 of the Rehabilitation Act, precludes plaintiff's private right of action where there has been no showing that "a primary objective of the Federal financial assistance is to provide employment."

Relying on numerous authorities, defendants argue that where there has been no showing that the Federal funds are designed to provide employment, a plaintiff alleging discrimination on the basis of handicap has no private right of action under § 504. *Simon v. St. Louis County, Missouri,* 656 F.2d 316, 319 n. 6 (8th Cir.1981); *United States v. Cabrini Medical Center,* 639 F.2d 908 (2d Cir.1981); *Carmi v. Metropolitan St. Louis Sewer District,* 620 F.2d 672 (8th Cir.1980), *cert. denied,* 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980); *Trageser v. Libbie Rehabilitation Center,* 590 F.2d 87 (4th Cir.1978), *cert. denied,* 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); *Miller v. Abilene Christian University of Dallas,* 517 F.Supp. 437 (N.D.Tex.1981); *Sabol v. Board of Education,* 510 F.Supp. 892 (D.N.J.1981); *Brinkley v. Department of Public Safety,* 22 F.E.P. 164 (N.D.Ga.1980).

In the face of this overwhelming authority, the only decision holding that the limitations of § 2000d–3 are not applicable to an action under § 504 is *Hart v. County of Alameda,* 485 F.Supp. 66 (N.D.Cal.1979).

■ After careful consideration of the relevant arguments, the Court finds the view of the Second, Eighth, and Fourth Circuits more persuasive. The Court accordingly holds that plaintiff is entitled to pursue a private right of action under § 504 of the Rehabilitation Act only if the primary objective of the Federal financial assistance received by the defendants is to provide employment.

■ Plaintiff's complaint makes no allegation that the Federal funds received by the defendants are for the objective of providing employment. The answers to plaintiff's interrogatory number 23, moreover, appear to show that the Federal funds received by the defendants are not primarily for providing employment. However, in his memorandum contra defendants' motion for summary judgment, plaintiff argues that the Federal aid received by the defendants

> is primarily for educational programs, projects, experiences, and services. Only a small portion is to provide equipment. A primary objective of the fund described in defendants' answers to *plaintiff's Interrogatory No. 23* is to make possible the *employment* of necessary personnel to implement these services.

Plaintiff has offered no evidence in support of this assertion. Fed.R.Civ.P. 56(e). Nevertheless, in an abundance of caution, the Court will afford plaintiff an opportunity to submit additional evidence in support of its claim that the funds received by the defendants were for the purpose of providing employment. Plaintiff may submit such materials in conformity with Rule 56(e) within twenty (20) days of the date of this order.

The Court will STAY its decision on defendants' motion for summary judgment until plaintiff has had an opportunity to submit any additional evidence. Defendants may respond thereto within ten (10) days.

So ORDERED.