**Jose Angel LONGORIA**

v.

**Patricia HARRIS, Alton Bowen, Gabe Gilley, Rev. Ben J. Warrenburg, Pat Windham, Ann Morris, David Q. Day, Wayne Labar, Dan Ives, J. Gordon Nix, and Lewis W. Crumley.**

Civ. A. No. B–80–81.

United States District Court,
S.D. Texas,
Brownsville Division.

Dec. 15, 1982.

Gerald A. Garcia, Texas Legal Rural Aid, Harlingen, Tex., for plaintiff.

Iris J. Jones, Austin, Tex., Jose A. Berlanga, Asst. U.S. Atty., Houston, Tex., David E. Kithcart, Harlingen, Tex., for defendants.

## MEMORANDUM OPINION

VELA, District Judge.

The parties have stipulated to the facts. Plaintiff, Jose Angel Longoria, is a 37 year-

old male who had his right leg amputated below the knee cap in 1969 and therefore is a handicapped individual within the meaning of section 706(7)(B) of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794 (1976), *as amended* by Rehabilitation Act Amendments of 1974, Pub.L. No. 93–516, 88 Stat. 1617 (codified in scattered sections of 29 U.S.C. (1976)) Rehabilitation Act Extension of 1976, Pub.L. No. 94–230, 90 Stat. 211 (codified in scattered sections of 29 U.S.C. (1976)). 29 U.S.C. § 706(7)(B) provides in pertinent part:

the term "handicapped individual means, . . . ., any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such impairment, or (iii) is regarded as having such an impairment.

Defendant Patricia Harris is the Secretary of the United States Department of Health, Education and Welfare (HEW) and is charged with enforcing the Rehabilitation Act of 1973 (hereinafter referred to as the "Act") and with implementing regulations under the Act. Defendant Alton Bowen is the Commissioner of the Texas Education Association (TEA). Defendant Gabe Gilley is the Director of the Department of Transportation of the TEA and is responsible for administering TEA transportation policies. Defendant Dan Ives is the Superintendent of the Harlingen Consolidated Independent School District (HCISD), a public school system established under Texas law. HCISD is a recipient of federal financial assistance and has agreed to comply with section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 and its implementing regulation, 45 C.F.R. §§ 84.41–84.47, as a condition of receiving such financial assistance. 29 U.S.C. § 794 provides in pertinent part:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

The Defendants Ben J. Warrenburg, Pat Windham, Ann Morris, David Q. Day, Wayne Labar, J. Gordon Nix, and Lewis W. Crumley are members of the Board of Trustees of the HCISD.

Plaintiff is a resident of Harlingen, Cameron County, Texas and is a truck driver by vocation. Longoria was employed as a school bus driver by HCISD from 1971 until August 1974 when he left the employ of HCISD due to an improperly fitted prosthesis which was blistering his stump. Plaintiff was rehired by HCISD in 1975 as a janitor and worked in that capacity until March, 1977 at which time he voluntarily left HCISD to accept employment as a tractor-trailer driver for the Transport Company of Texas. Subsequently, in 1977, Longoria reapplied for employment as a school bus driver with HCISD. He was informed by Defendant Crumley that TEA rules concerning bus driver qualifications denied employment to individuals with missing extremities.

The parties have further agreed that no complaints regarding Plaintiff's driving during the period of 1971 through 1974 were filed with HCISD. Mr. Longoria's employment with the Transport Company of Texas was terminated in 1977 because federal regulations prohibit persons with missing limbs from hauling hazardous materials. 49 C.F.R. §§ 391.41–391.94. The parties have further agreed that HCISD was to receive, during the 1981 fiscal year, approximately Two Million Two Hundred and Thirty Thousand Six Hundred and Fifty-Nine Dollars ($2,230,659.00) in federal monies. This sum includes Nine Thousand Four Hundred Dollars ($9,400.00) for school bus transportation expenses within the Title I migrant program calculated on the basis of 90 cents per mile and Two Thousand Dollars ($2,000.00) which was provided to transport children, under the Education for all Handicapped Children Act. 20 U.S.C. § 1401 *et seq.*, P.L. 94–142. Finally, the parties stipulated that HCISD has hired

over twenty school bus drivers since November, 1977 when Mr. Longoria applied for the position of school bus driver.

The parties failed to agree whether Plaintiff is an otherwise "qualified individual" within the meaning of 29 U.S.C. § 794. Evidence presented at trial revealed the following: Mr. Crumley stated that Plaintiff Longoria would have been hired by HCISD were it not for TEA regulations; that Plaintiff was granted a Chauffeur's license by the Texas Department of Public Safety with the restrictions of automatic transmission or artificial leg; and that uncontroverted medical evidence from Dr. Herman Keillor established that Plaintiff could run, hop, climb stairs and was in no way restricted in mobility by his artificial leg. After hearing the above evidence presented at trial, the Court declares Plaintiff Longoria to be an otherwise qualified individual for purposes of the Rehabilitation Act of 1973.

Plaintiff contends that he was denied employment with HCISD because of his handicap, without regard to his ability to perform, in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, 42 U.S.C. § 1983 and the Due Process and Equal Protection Clauses of the United States Constitution. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331; 28 U.S.C. §§ 1343(3) and 1343(4); 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. The Plaintiff seeks injunctive and declaratory relief and damages in this action.

### I.

The state and local Defendants contend at the outset that § 504 of the "Act" does not provide a private cause of action to individuals like Mr. Longoria. Federal appellate courts which have considered this contention in other circuits have ruled that an implied cause of action exists to private persons to enforce rights created under 29 U.S.C. § 794. *See, NAACP v. The Medical Center, Inc.,* 599 F.2d 1247 (3rd Cir.1979); *Davis v. Southeastern Community College,* 574 F.2d 1158 (4th Cir.1978); *rev'd on other grounds,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979); *United Handicapped Federation v. Andre,* 558 F.2d 413 (8th Cir. 1977); *Kampmeir v. Nyquist,* 553 F.2d 296 (2d Cir.1977); *Lloyd v. Regional Transportation Authority,* 548 F.2d 1277 (7th Cir. 1977); *Leary v. Crapsey,* 566 F.2d 863 (2d Cir.1977).

Likewise, the Fifth Circuit has recognized that a private cause of action exists under section 504 of the Act for injunctive and declaratory relief. *Camenisch v. University of Texas,* 616 F.2d 127 (5th Cir.1980) *vacated on other grounds,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). In vacating, the Supreme Court did not question the correctness of the *Camenisch* decision on the issue of whether a private cause of action exists, but remanded the case to the District Court for a judgment on the merits. As a result of the disposition made by the Supreme Court on *Camenisch,* the District Courts of this circuit have assumed that the private cause of action portion of that opinion remains as the law. *See Helms v. McDaniel,* 657 F.2d 800 (5th Cir. 1981); *Brown v. Sibley,* 650 F.2d 760, 767 N. 9 (5th Cir.1981); *Rogers v. Frito-Lay, Inc.,* 611 F.2d 1074 (5th Cir.1980).

In addition, the legislative history of section 504 of the Act provides more than sufficient indication of the intent of Congress to provide for a private cause of action. As reported in conference during argument on the ratification of Section 504:

This approach to implementation of section 504, which closely follows the models of the above-cited anti-discrimination provisions, would ensure administrative due process, provide for administrative consistency with the Federal government as well as relative ease of implementation, and permit a judicial remedy through a private action. S.Rep. No. 93–1297, 93d Cong., 2d Sess. 39–40 reprinted in 4 U.S.Code Cong.Ad.News 6373, 6391 (1974).

Based on the foregoing, the Court is of the opinion and accordingly rules that section 504 of the Rehabilitation Services Act of 1973 does provide Plaintiff Longoria with a private cause of action.

## II.

The state and local Defendants next contend that even if a private cause of action does exist under Section 504 of the Act, that Plaintiff Longoria has failed to show that the primary objective of the federal financial assistance received by HCISD was to provide employment. Essentially, the Defendants argue that Longoria has no standing to bring his action. Until recently, other circuits which have considered this particular issue have unanimously held that handicapped persons cannot bring private claims for employment discrimination under section 504 unless a primary objective of the federal financial assistance is to provide employment. *United States v. Cabrini Medical Center,* 639 F.2d 908, 911 (2d Cir. 1981); *Simpson v. Reynolds Metals Co., Inc.,* 629 F.2d 1226 (7th Cir.1980); *Carmi v. Metropolitan St. Louis Sewer District,* 620 F.2d 672 (8th Cir.1980), *cert. denied,* 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980); *Trageser v. Libbie Rehabilitation Center, Inc.,* 590 F.2d 87 (4th Cir.1979), *cert. denied,* 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979). The holdings in these decisions are predicated upon the applicability of the 1978 Amendments to the Rehabilitation Services Act. These amendments provide that remedies for violation of Sec. 504 shall be as set forth in Title VI of the Civil Rights Act. While Sec. 601 of Title VI broadly prohibits acts of discrimination under any program or activity receiving federal financial assistance, this section is limited by the language in Sec. 604 which provides as follows:

Nothing contained in this subchapter shall be construed to authorize action under the subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment, 42 U.S.C. § 2000d–3.

Two District Courts in Texas have adopted the limitations on judicial enforcement of Title VI to private suits under Sec. 504 as provided in *Trageser, Supra.; Miller v. Abilene Christian University of Dallas,* 517 F.Supp. 437 (N.D.Tx—Dallas Div., 1981); *Guertin v. Hackerman,* 496 F.Supp. 593 (S.D.Tx—Houston Div., 1980).

However, the more recent decision of *Brown v. Sibley,* 650 F.2d 760 (5th Cir.1981), appears to clarify the issue of whether federal funds must be primarily intended to provide employment. The Fifth Circuit Court of Appeals indicated that a Plaintiff has no standing under section 504 simply because the overall entity has received federal funds, but when those funds are earmarked by the entity for use in a particular program or activity undertaken by the entity and a handicapped individual is excluded from participation, denied benefits, or subjected to discrimination in that activity or program solely by reason of his handicap, then Plaintiff has standing to sue. The Court stated this concept in the following manner:

Accordingly, on the basis of the language of section 504 and its legislative history, and on the strength of the analogies to Title VI and Title IX, we hold that it is not sufficient, for purposes of bringing a discrimination claim under section 504, simply to show that same aspect of the relevant overall entity or enterprise receives or has received some form of input from the federal fisc. A private plaintiff in a sec. 504 case must show that the program or activity with which he or she was involved, or from which he or she was excluded, itself received or was directly benefited by federal financial assistance. *Brown v. Sibley* at p. 769.

It is noticed in this case that a portion of the federal monies received by HCISD directly funded the salaries of bus drivers. Also, the conspicuous absence of Trageser's requirement that a "primary objective of the federal assistance was to provide employment" compels this Court to believe that the Fifth Circuit has refused to adopt it. Furthermore, the *Trageser* decision has been criticized by the Department of Justice, 45 Fed.Reg. 37620 at 37628, 1980, and by courts in other circuits, *Hart v. County of Alameda,* 485 F.Supp. 66, 67 (N.D.Cal.,

1979); *Jones v. Metropolitan Atlanta Transit Authority,* 681 F.2d 1376 (11th Cir.1982). For example, the Eleventh Circuit states that:

"Neither the House nor the Senate reports contain a scintilla of evidence indicating that Congress intended to incorporate § 604 of Title VI into the 1973 Act and limit the applicability of § 504 to programs receiving federal financial assistance for the primary purpose of providing employment. The legislative history of § 504 does not even mention Title VI. Instead, the reports merely reiterate that § 504 applies to any program receiving federal financial assistance."

The Congressional intent behind the 1978 Amendments was to expand the remedies of the Act. Senator Cranston stated:

Mr. President, I believe this amendment is much needed. To date, we have permitted certain private enforcement of Title V and, yet, we have not provided the means by which such private rights of action are meaningful. This amendment providing attorney's fees on the same basis as attorney's fees are provided under Public Law 94–559—will go a long way toward assisting long-neglected Americans—handicapped individuals—in their efforts to achieve their full and equal share of the rights to which they are entitled. 124 Cong.Rec. S15591 (daily ed., Sept. 20, 1978).

Additionally, the Conference Report to the 1978 Amendments acknowledges that the Rehabilitation Act extends to any recipient of federal financial assistance. *Jones v. Metropolitan Atlanta Rapid Transit Authority, Supra.* The *Jones* opinion represents a trend toward the establishment of equal rights to the handicapped citizens of this nation. This Court approves of such a trend and, therefore, rejects *Trageser* and its progeny for placing too strict of a construction upon the Rehabilitation Act of 1973.

### III.

Having determined that a private cause of action exists, the Court now directs itself to the issue of available remedies under Section 504. Longoria seeks in this action damages, injunctive and declaratory relief. In *Camenisch, Supra,* at 132 N. 10 the Fifth Circuit expressly reserved for later the question of whether Section 504 of the Act creates a private cause of action in suits for damages. In the most recent opinion addressing the issue of damages, within the Fifth Circuit, the District Court at Galveston in *Ruth Anne M. v. Alvin Independent School District,* 532 F.Supp. 460 (S.D.Texas, Galveston, 1982) summarized its decision as follows:

Although the provision of a damage remedy would provide a means of enforcing rights under Section 504, countervailing considerations convince the Court that the implication of a damage remedy would frustrate the underlying purpose of the Rehabilitation Act's legislative scheme. *Citing Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Guardians Association of New York City v. Civil Service Commission,* 633 F.2d 232, 262 (2d Cir. 1980). An implied private cause of action for equitable relief under Section 504, given near universal recognition by the courts, coupled with the provision for an award of attorneys fees contained in 29 U.S.C. § 794a, provide plaintiffs with an effective means of enforcing the federal statutory rights in question. *Ruth Anne M. v. Alvin ISD, Supra* at 473. *See Boxall v. Sequoia Union High School District,* 464 F.Supp. 1104, 1112 (N.D.Cal. 1979).

The *Alvin* decision represents sound reasoning in light of the potentially massive financial liability which would be imposed upon recipients of federal assistance were such a right acknowledged. As stated in *Alvin:* This exposure (to liability) could serve as a significant disincentive to the solicitation or acceptance of federal financial assistance, and hence, a significant deterrent to the promotion and expansion of opportunities through funding legislation. *Ruth Anne M. v. Alvin ISD, Supra* at p. 473.

Nevertheless, Plaintiff relies upon *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), to assert that if section 504 of the Act does not create a private cause of action for damages then he is entitled to maintain such an action under 42 U.S.C. § 1983. At first glance, Plaintiff appears to correctly rely upon *Thiboutot,* which held that the purpose of 1983 is to enforce federal constitutional and statutory rights. However, Section 1983 is not applicable where there is a clear indication in a particular statute that its remedial provisions are exclusive or . . . for various other reasons a 1983 action is inconsistent with congressional intent. *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 672, 99 S.Ct. 1905, 1944, 60 L.Ed.2d 508 (1979) (White, J. concurring).

■ Recently, the Supreme Court has further indicated that the remedial provisions of Section 1983 are inapplicable where congressional intent indicates that the governing statute provides an exclusive remedy for violations by stating:

When the remedial devices provided in a particular act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983. *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1 [20] 101 S.Ct. 2615, 2626, 69 L.Ed.2d 435, 450 (1981).

It is true that Section 504 does not expressly provide for its enforcement, but it is universally recognized that an implied private cause of action for equitable relief does exist as held here today. The existence of a private cause of action combined with the aforementioned evidence of congressional intent to forego a damage remedy compels this Court to agree with the Court in *Alvin* when it stated:

The Court has determined the remedy implied under Section 504 to be limited to equitable relief. Section 1983 is not similarly limited in the scope of the relief it provides, and the Court has found that the supplemental damage remedy afforded by Section 1983 would threaten to

eviscerate the congressional objectives underlying Section 504. Therefore, the Court holds the rights created by Section 504 of the Rehabilitation Act cannot be asserted within the remedial framework of 42 U.S.C. § 1983. *Ruth Anne M. v. Alvin ISD., Supra* at 476.

■ This Court holds that no damages remedy is available under Section 504 of the Act, but Plaintiff Longoria is entitled to injunctive and declaratory relief. The state Defendant correctly contends that it is immune from damages, but it is well settled that the Eleventh Amendment to the United States Constitution does not bar injunctive and declaratory relief against state officials. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Gay Student Services v. Texas A & M University,* 612 F.2d 160 (5th Cir.1980); *Silva v. Vowell,* 621 F.2d 640 (5th Cir.1980) citing *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

## IV.

Plaintiff Longoria further alleges that the actions and policies of the state and local Defendants are violative of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution. Because this Court has already determined that equitable relief shall be granted, I am compelled by the doctrine of statutory supremacy to disregard Plaintiff's constitutional allegations. *Gurmankin v. Costanzo,* 411 F.Supp. 982 (E.D.Pa.1976), aff'd 556 F.2d 184 (3rd Cir. 1977); *Davis v. Bucher,* 451 F.Supp. 791 (E.D.Pa.1978); *c.f. also Baines v. Converse College,* 2 Pov.L.Rep. (CCH) 24,732 (D.S.C., July 13, 1977); *Sites v. McKenzie,* 423 F.Supp. 1190 (N.D.W.Va., 1976); *Hairston v. Drosick,* 423 F.Supp. 180 (S.D.W.Va., 1976); *Cherry v. Mathews,* 419 F.Supp. 922 (D.D.C., 1976).

■ In addition to damages and reinstatement, Plaintiff Longoria seeks reinstatement with seniority and the return of lost pension benefits. Inasmuch as this Court has decided that damages are una-

vailable as a remedy in an action under Section 504, reinstatement with seniority and the return of lost pension benefits are inappropriate, as such remedies are a form of damages. Additionally, the record reflects that Plaintiff Longoria had twice before left the employment of HCISD in 1974 and 1977. Plaintiff cannot be heard to complain of lost pension benefits and seniority for the period from 1977 to the present when his past work record with the HCISD provides no certainty that if he had been employed by HCISD in 1977 that he would still be employed as a bus driver today.

Finally, Plaintiff seeks attorneys fees and costs for bringing this action. Attorneys fees and costs are authorized against the state and local Defendants pursuant to 29 U.S.C. § 794a; *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Ramirez v. Sloss,* 615 F.2d 163 (5th Cir. 1980); *Tatro v. State of Texas,* 516 F.Supp. 968 (D.C.Tex.1981).

### CONCLUSION

The Court has found that Plaintiff Longoria is an otherwise qualified individual who was excluded from employment with the Harlingen Consolidated Independent School District solely because of his handicap and that HCISD is a recipient of federal funds. As a result, the Defendants have violated the provisions of the Rehabilitation Act of 1973 as amended.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that Plaintiff, Jose Longoria, be employed by the HCISD in the capacity of school bus driver on the condition that he first pass a routine physical examination. Employment shall commence when the first vacancy appears at HCISD. Plaintiff shall be employed for same number of hours per week and weeks per year which other bus drivers for HCISD are currently employed.

IT IS FURTHER ORDERED that attorneys fees are awarded in favor of Plaintiff in an amount to be determined after hearing before this Court at a later date. Costs are taxed in favor of Plaintiff.