**Bettye J. GAUTHREAUX, Plaintiff**

v.

**BAYLOR UNIVERSITY MEDICAL CENTER, Defendant.**

**Civ. No. 3:92–CV–2258–H.**

United States District Court,
N.D. Texas,
Dallas Division.

June 2, 1994.

Joseph Henry Mitchell, Dallas, TX, for plaintiff.

Stephen N. Wakefield, Buford & Ryburn, Dallas, TX, for defendant.

### ORDER

SANDERS, Chief Judge.

Before the Court are the Amended Joint Pretrial Order, filed May 27, 1994; Plaintiff's Notice of Clarification of Amended Joint Pre–Trial Order, filed herewith; Plaintiff's First Trial Brief, filed May 13, 1994; and Defendant's Trial Brief, filed May 26, 1994.

### I. BACKGROUND

On October 30, 1992, Plaintiff filed her Complaint. In her Complaint, Plaintiff brought federal claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* Plaintiff also brought state claims under the

Workers' Compensation Act, Tex.Rev.Civ. Stat. Art. 8307c, and under the common law theory of infliction of severe emotional distress. Plaintiff requested compensatory and punitive damages, and demanded a jury.

On April 29, 1994, the Court dismissed Plaintiff's ADEA claim and Plaintiff's claim for infliction of severe emotional distress. *See* Order of April 29, 1994, at p. 6. On May 9, 1994, the parties submitted their Amended Joint Pretrial Order to the Court. In the Amended Joint Pretrial Order, the parties discussed the possible use of an advisory jury for Plaintiff's Rehabilitation Act claims. *See* Amended Joint Pretrial Order, filed May 27, 1994, at p. 11–12, ¶6B. On May 10, 1994, Plaintiff submitted her Notice of Clarification in which Plaintiff contends that she desires and is entitled to a jury trial.

On May 13, 1994, Plaintiff filed her First Trial Brief. On May 26, 1994, Defendant filed its Trial Brief. A substantial portion of the parties' Trial Briefs is devoted to the question whether Plaintiff is entitled to compensatory and punitive damages and whether Plaintiff is entitled to a jury in this case.

## II. ANALYSIS

For the reasons stated below, the Court **SEVERS** Plaintiff's remaining state law claim from Plaintiff's Rehabilitation Act claim, and **DISMISSES WITHOUT PREJUDICE** the state law claim. The Court also **BIFURCATES** the issue of liability from the issue of damages on Plaintiff's Rehabilitation Act claim. The Court concludes that Plaintiff is not entitled to a jury on her Rehabilitation Act claim. Thus, the trial scheduled to commence on June 13, 1994, will be a non-jury trial, considering only the question of Defendant's liability on Plaintiff's Rehabilitation Act claim.

### A. BIFURCATING DAMAGES AND LIABILITY

■ The parties have raised the question of whether compensatory and punitive damages are available to Plaintiff under the Rehabilitation Act. The parties have each cited cases which reveal that this is a highly controversial issue. *See e.g. Shinault v. American Airlines, Inc.,* 936 F.2d 796, 803 (5th

Cir.1991) ("the courts are badly divided on the issue of compensatory damages"). *See also Rivera Flores v. Puerto Rico Telephone Co.,* 776 F.Supp. 61, (D.Puerto Rico 1991) ("courts are fairly evenly divided on whether § 504 of the Rehabilitation Act contemplates damages beyond back pay"). The Court declines to consider this issue at this time.

Rather, the Court finds that the issue of damages is a separate and distinct issue from that of liability. In this case, bifurcating the issues of liability and damages will be conducive to expedition and economy. Fed. R.Civ.P. 42(b). Therefore, the issues of damages and of liability are hereby **BIFURCATED.**

If necessary, the Court will address the issue of what remedies are available to Plaintiff prior to the trial on damages.

### B. JURY

■ Rule 38 preserves the right to a jury in all civil cases which are tried at law. Fed.R.Civ.P. 38(a). "Under federal law, the right to have a jury determine issues of fact turns essentially on whether the claim to which those issues relate is legal or equitable." *Hensley v. E.R. Carpenter Co., Inc.,* 633 F.2d 1106, 1110 n. 5 (5th Cir.1980); *Rivera Flores,* 776 F.Supp. at 71, n. 23; 9 Wright & Miller, Federal Practice and Procedure § 2301 *et seq.* Thus, if Plaintiff has brought a federal claim at law, she is entitled to a jury; if the claim is brought in equity, she is not.

Plaintiff argues that she is entitled to an award of compensatory damages, and because compensatory damages are legal relief, Plaintiff concludes that she is entitled to a jury. Defendant, on the other hand, argues that no legal remedies are available under the Rehabilitation Act, and hence, there is no right to a jury.

Without specifying what remedies are available to Plaintiff under the Rehabilitation Act, the Court finds that all remedies under the Rehabilitation Act are equitable in nature. The Supreme Court has indicated that, while recovery of money damages is available under the Rehabilitation Act, the nature of

the remedy is equitable. *Consolidated Rail Corporation v. Darrone*, 465 U.S. 624, 630, 104 S.Ct. 1248, 1252, 79 L.Ed.2d 568 (1983) ("an equitable action for backpay"). The Fifth Circuit, while declining to rule on this issue, has clearly indicated that it considers the Rehabilitation Act to be primarily equitable:

> While we specifically do not decide this issue, jury trials do not appear to be a matter of right under the Rehabilitation Act of 1973.... The 'remedies ... and rights' available under title VI, like those under title VII, are essentially equitable in nature, and the 'procedures' available do not include juries.... The remedies available under title VI are equitable ... and, as such, fall within the district court's province, not a jury's.

*Doe v. Region 13 Mental Health–Mental Retardation Commission*, 704 F.2d 1402, 1404 n. 3 (5th Cir.1983). *Cf. Marvin H. v. Austin Independent School Dist.*, 714 F.2d 1348 (5th Cir.1983) (damages are not available under Rehabilitation Act); *Longoria v. Harris*, 554 F.Supp. 102, 107 (S.D.Tex.1982) (damages are not available under the Rehabilitation Act).[1]

Perhaps most persuasive to the Court is the comprehensive opinion set forth in *Rivera Flores*, 776 F.Supp. 61. In *Rivera Flores*, Judge Laffitte undertook an exhaustive examination of the legislative history of the Rehabilitation Act, of the case law pursuant to the Rehabilitation Act, and of the civil rights statutes similar to the Rehabilitation Act. *Id.* at 62–71. After this extensive review, Judge Laffitte concluded that an action brought pursuant to the Rehabilitation Act is brought in equity. *Id.* at 71. Judge Laffitte further concluded that there is no right to a jury under the Rehabilitation Act. *Id.*

■ Plaintiff has cited a number of case from other districts which indicate the availability of a jury to Rehabilitation Act plaintiffs. *See e.g. Gelman v. Dept. of Educ.*, 544 F.Supp. 651, 654 (D.Colo.1982). However, none of the cases cited by Plaintiff are binding on this Court. Moreover, the majority of the cases cited by Plaintiff merely acknowledge that money damages may be available under the Rehabilitation Act. *See e.g. Nelson v. Thornburgh*, 567 F.Supp. 369, 382–83 (E.D.Pa.1983); *Fitzgerald v. Green Valley Area Educ. Agency*, 589 F.Supp. 1130, 1138 (S.D.Iowa 1984). As the Supreme Court showed in *Darrone*, money damages may be awarded under the Court's equitable power. 465 U.S. at 630. Thus, the availability of money damages as a remedy does not necessarily translate into a right to a jury trial. *Rivera Flores*, 776 F.Supp. at 71.

The Court concludes that Plaintiff's claim under the Rehabilitation Act is a claim in equity. Therefore, Plaintiff is not entitled to a jury on her Rehabilitation Act claim.

## C. STATE LAW CLAIM

■ Having decided that Plaintiff is not entitled to a jury on her Rehabilitation Act claim, the Court must now decide whether to retain jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367.

It is not disputed that Plaintiff is entitled to a jury on her state law claim. The Court finds that trying both the state and federal claims before a jury, but limiting the jury's consideration to only the state law claim would likely hinder the pursuit of justice and result in confusion. Moreover, it is likely that the Court would be required to make preliminary rulings on virtually all the evidence in order to determine what evidence applies to which claim. The need for such preliminary rulings would greatly impede the efficiency of the Court.

The Court finds that there are compelling reasons to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c). Therefore, Plaintiff's Fourth Cause of Action, brought under the Texas Workers' Compensation Act, is **SEVERED** from Plaintiff's Second Cause of action, brought under the Rehabilitation Act.

1. The express holding of *Marvin H.*, and *Longoria*, that "no damage remedy is available under" the Rehabilitation Act, is of questionable validity after *Darrone*, 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568. However, these decisions carry persuasive weight in that they show that the courts of the Fifth Circuit have consistently found the remedies under the Rehabilitation Act to be equitable.

850

The Court declines to exercise supplemental jurisdiction over Plaintiff's Fourth Cause of Action. 28 U.S.C. § 1367(c). Therefore, Plaintiff's Fourth Cause of Action is **DISMISSED WITHOUT PREJUDICE.**

### III.  CONCLUSION

Plaintiff's Fourth Cause of Action is **SEVERED** from this case, and **DISMISSED WITHOUT PREJUDICE.**

Plaintiff is not entitled to a jury on her remaining federal cause of action. The issue of damages is **BIFURCATED** from the issue of liability. Therefore, the trial scheduled to commence June 13, 1994, will be a non-jury trial solely on the issue of Defendant's liability under the Rehabilitation Act. The issue of damages will be considered, as necessary, at a later date.

SO ORDERED.